EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Appellant,

v.

UNION BANK, a Corporation, Appellee.

No. 22218.

United States Court of Appeals
Ninth Circuit.

Oct. 1, 1968.

Rehearing Denied Feb. 13, 1969.

Daniel Steiner (argued), Acting Gen. Counsel, Kenneth F. Holbert, Acting Gen. Counsel, Russell Specter, David R. Cashdan, Attys., Washington, D. C., for appellant.

Bruce A. Bevan, Jr. (argued), of Musick, Peeler & Garrett, Los Angeles, Cal., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and WEIGEL, District Judge.

WEIGEL, District Judge:

■ On January 6, 1967, Miss Marguerite M. Buckley resigned from her position as an attorney in the Law Division of appellee Union Bank. On February 20, 1967, Miss Buckley filed with appellant Equal Employment Opportunity Commission a charge of discrimination against appellee. Specifically, Miss Buckley alleged that her employer had engaged in "discrimination in upgrading on the job; men doing the same job had corporate titles and higher salaries."[1]

Evidently satisfied that there was "reasonable cause" to believe that a violation of the Civil Rights Act of 1964 had occurred, a member of the Commission furnished appellee with a copy of the charge and began an investigation. See 42 U.S.C. § 2000e-5(a) (1964). This investigation proceeded on an informal basis for a period of time, with appellee voluntarily producing certain documents requested by appellant. However, on March, 31, 1967, after appellee informed the EEOC that it would not voluntarily comply, appellant made a formal demand upon appellee to produce the following:

1. Personnel records, or data processed print out sheets, listing names, sex, job title, job code numbers, office and/or department designation, and salaries for all positions in which men and women were employed by Union Bank in February, March, April, and December, 1966.

2. All other records in addition to those heretofore enumerated or furnished which would enable the EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, to determine, pursuant to Title VII of the Civil Rights Act of 1964, whether or not there is probable cause to believe the Union Bank discriminated against Miss Marguerite M. Buckley by refusing to pay equal compensation and award equal status by title to the charging party.

After receiving a copy of this demand appellee filed, in the district court, a petition to set aside. 42 U.S.C. § 2000e-9 (c) (1964). Basically, the petition made two arguments. First, that the material requested in the first paragraph of the demand was not "relevant to the charge under investigation" within the meaning of 42 U.S.C. § 2000e-8(1964). Second, that "the documents categorized in paragraph numbered 2 * * * are not specified and petitioner cannot determine which documents are requested." The district court agreed, and granted the petition to set aside.

■ The EEOC appealed. In its opening brief, the Commission restricted its argument to the relevancy of the material requested in the first paragraph of its demand. In its opposing brief, appellee argued that the material demanded was not relevant and, in addition, for the first time, argued that the demand was in excess of the Commission's jurisdiction since Miss Buckley had failed to exhaust available state remedies before filing her charge of discrimination with the Commission.[2] See

[1] Since appellee qualifies as an "employer" within the meaning of 42 U.S.C. § 2000e(b) (Supp. II, 1967), such discrimination, if it occurred, would constitute a violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-2(a) (1) (1964) provides, in relevant part, that:

(a) It shall be an unlawful employment practice for an employer—

(1) * * * to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's * * * sex * * *"

[2] Appellee did state in its petition below that the demand was in excess of the Commission's jurisdiction. However, the context in which that statement was

42 U.S.C. § 2000e–5(b) (1964). Appellant could then have filed a reply brief, answering this new allegation, but chose not to do so. 9th Cir. R. 18(4), as amended, Fed. R. App. P. 28(c).

■ Appellee's failure to raise the exhaustion argument in the district court is not a bar to our considering it here. The law is clear that "an appellee may support the judgment by any reasoning from facts disclosed in the record * * *." Dejay Stores, Inc. v. Ryan, 229 F.2d 867, 871 (2d Cir. 1956) (L. Hand, J.); see e. g., Helvering v. Gowran, 302 U.S. 238, 58 S.Ct. 154, 82 L.Ed. 224 (1937); Spokane County v. Air Base Housing, Inc., 304 F.2d 494 (9th Cir. 1962). Nor do we understand appellant to contend otherwise.

■ We find Miss Buckley's failure to exhaust available state remedies to be controlling. Subsection 2000e–5(b) contains a clear mandate that the victim of an alleged unlawful employment practice must proceed under available state law before filing a charge with the EEOC. Stebbins v. Nationwide Mutual Insurance Co., 382 F.2d 267 (4th Cir. 1967), cert. denied, 390 U.S. 910, 88 S. Ct. 836, 19 L.Ed.2d 880 (1968); Ethridge v. Rhodes, 268 F.Supp. 83, 89 (S.D.Ohio 1967).[3]

California, the state in which the alleged discrimination occurred, has a comprehensive scheme dealing with claims of wage discrimination against women. Cal. Labor Code § 1197.5(a) makes it unlawful for an employer to pay a woman at a wage rate less than a man "for the same quantity and quality of the same classification of work * * *." Subsection 1197.5(c) authorizes the Division of Industrial Welfare to make a full investigation of any claims of wage discrimination and to seek a conciliation. Subsection 1197.5(f) allows the Division to bring suit to recover the difference in wages if an amicable settlement is not reached. Alternatively, subsection 1197.5(g) allows the person aggrieved to bring suit herself and to recover not only the lost wages but also the costs of suit. Finally, Cal. Labor Code § 1199 (d) makes it a misdemeanor for an employer to pay "any woman employee a wage less than the rate paid to a male employee as required by Section 1197.5 of this code."

It is undisputed that Miss Buckley had not availed herself of the benefits afforded by Cal. Labor Code § 1197.5 at the time she filed her charge with the EEOC, nor is there any indication that she has done so since filing the charge.[4] Nonetheless, appellant argues that this omission is not controlling, since the state scheme provides relief for wage discrimination only while Miss Buckley claims to have been discriminated against both in terms of wages and in terms of job title. We find this argument unpersuasive.

The exhaustion requirement was not part of Title VII when it first emerged from the House of Representatives. 110 CONG.REC. 12807, 12814, 12819 (1964) (Remarks of Senator Dirksen). It was introduced in the Senate, as part of the

---

made would indicate that it referred solely to the claim that the material demanded in the first paragraph was not "relevant" within the meaning of subsection 2000e–8(a).

3. Subsection 2000e–5(b) provides, in relevant part, that:
    (b) In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, *no charge may be filed* under subsection (a) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated, * * *. (emphasis added).

4. The charge of discrimination which she filled out contained the question "[h]ave you filed this charge with a state or local government agency?". She answered in the negative.

"leadership compromise amendment," to combat objections by various Senators that the House version did not give sufficient deference to the sovereignties of the respective states. Senator Dirksen, who, along with Senators Mansfield, Humphrey and Kuchel, was part of the leadership team that proposed the amendment, noted:

> [W]ith respect to the enforcement of the title, we undertook to keep primary, exclusive jurisdiction in the hands of the State commissions for a sufficient period of time to let them work out their own problems at the local level. 110 CONG.REC. 13087 (1964).[5]

■ In the light of all of the foregoing, we hold that where, as here, substantial relief against the alleged discrimination is available under state law, the person aggrieved must pursue state remedies before a valid complaint may be filed with the EEOC.[6] It follows that the Commission was without jurisdiction to issue the demand for production.

In view of the above, it is unnecessary for us to consider whether the material demanded was relevant to the charge under investigation.

Affirmed.

5. Senator Humphrey remarked:
> This amendment is in the form of a substitute "clean" bill that reflects 2 months of Senate debate on the version of the bill that was passed by the House. * * * The major substantive changes give increased emphasis to the role of State and local authorities and to methods of securing voluntary compliance. This is both salutary and consistent with the basic philosophy of the bill—that, whenever possible, the problems dealt with by the bill should be resolved locally and voluntarily. 110 CONG.REC. 12707 (1964). [W]e provide for local and State enforcement wherever there are local and State instrumentalities. 110 CONG. REC. 13088 (1964).

And Senator Case, who was the Republican floor manager of the bill, noted:
> Clearly, under the mechanics of the bill in the form with which the leader-

ship is concerned, more concern or more deference could not be given to the rights of the States. For example, the Federal agency which would be able to mediate in this connection could not consider taking any action for 2 months, *if there were any State machinery at all.* The States will be given that much time in which to deal with complaints. *Only when the States have no colorable claim* to give consideration to such matters, can they be considered by the Federal Government in the time specified; * * *. 110 CONG.REC. 13081 (1964) (emphasis added).

6. The substantiality of the overlap between the alleged discrimination and the relief available under state law is emphasized by a letter of clarification written by Miss Buckley to the Commission on March 29, 1967. That letter refers primarily to wage discrimination.