**GENERAL INSURANCE COMPANY OF AMERICA, Plaintiff-Appellee,**

**v.**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Defendant-Appellant.**

**No. 71–1592.**

United States Court of Appeals, Ninth Circuit.

Jan. 15, 1974.

**134**

Chester F. Relyea, Regional Atty. (argued), EEOC San Francisco, Cal., Equal Employment Opportunity Comm., Washington, D. C., for defendant-appellant.

Bruce Maines, H. Weston Foss (argued), J. David Andrews of Perkins, Coie, Stone, Olsen & Williams, Seattle, Wash., for plaintiff-appellee.

Before MERRILL and HUFSTEDLER, Circuit Judges, and HILL,* District Judge.

MERRILL, Circuit Judge:

Three charges have been filed with the Commission asserting that petitioner-appellee has been guilty of unfair employment practices. The Commission, dissatisfied with the extent of information voluntarily produced, served the petitioner with a Demand for Access to Evidence. Petitioner then initiated these proceedings with its petition for an order setting aside the demand. The Commission countered with a motion for entry of an order of enforcement. The District Court entered an order denying the Commission's motion and the Commission has appealed.

The District Court refused enforcement of the demand on two grounds.

■ 1. It concluded that as to one charge the Commission lacked jurisdiction by reason of failure of the charging party to seek relief through state authorities before filing a charge with the Commission. We disagree.

Section 706(b) of the 1964 Civil Rights Act, 42 U.S.C. § 2000e–5(b), requires such deference to state proceedings in the case of a state "which has a state or local law prohibiting the unlawful employment practice alleged, and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof." The charge in question was wage discrimination due to sex which is prohibited by Washington law and is made a misdemeanor. RCW 49.12.175.[1] However, no state or

---

* Honorable Irving Hill, United States District Judge for the Central District of California, sitting by designation.

1. "49.12.175. Wage discrimination due to sex prohibited—Penalty—Civil recovery. Any employer in this state, employing both males and females, who shall discriminate in any way in the payment of wages as between sexes or who shall pay any female a less wage, be it time or piece work, or salary, than is being paid to males similarly employed, or in any employment formerly performed by males, shall be guilty of a misdemeanor. If any female employee shall receive less compensation because of being discriminated against on account of her sex, and in violation of this section, she shall be entitled to recover in a civil action the full amount of compensation that she would have received had she not been discriminated

local authority is established either to seek relief or institute criminal proceedings.

■ We reject the argument of appellee that the state or county prosecuting attorney can qualify as such agency through his general authority to institute criminal proceedings. What the section requires is a showing of such state concern in the specific area of unfair employment practices as to result in the establishment or authorizing of an agency to act in this area. If it had been intended that the general authority of the state attorney to prosecute crime should suffice, there would have been no need to provide that the state or local authority should be empowered to institute criminal proceedings. All that would have been necessary would have been to make the offense a crime.

■ Appellee contends that Washington law does establish the necessary state authority in providing for an Industrial Welfare Committee. RCW 43.-22.280. The duties of that committee are set forth in RCW 49.12.040. It is given no power or function in the field of sex discrimination in employment. To the contrary, it is to ascertain the wages and conditions of labor of women and minors and recommend protective legislation in that area. By RCW 49.-

12.070, the committee is authorized to hold hearings and is given subpoena power. Nowhere cited to us, however, do we find power or authority to seek relief (other than through its recommendations respecting legislation) or institute criminal proceedings.

An affidavit filed by the State Supervisor of Women in Industry states that the committee would receive, investigate and attempt to conciliate a proper complaint under RCW 49.12.175. The point is, however, that the state has not seen fit to authorize the committee to seek relief or institute criminal proceedings, nor has the state established the committee for that purpose. Such action as the committee may choose to take will be taken, not in discharge of its responsibilities under law, but as the voluntary action of concerned citizens or local agencies. This is not such a show of state interest as requires deference by the Commission to state procedures under § 706(b). Knowledge of the committee's willingness to intervene, now brought to the attention of the Commission, may result in voluntary deference in the nature of federal comity. That, however, is up to the Commission.

We conclude that it was error to hold that the Commission lacked jurisdiction to entertain the claim in question.[2]

against. In such action, however, the employer shall be credited with any compensation which has been paid to her upon account. A differential in wages between employees based in good faith on a factor or factors other than sex shall not constitute discrimination within the meaning of RCW 29.12.010 through 49.12.180." (Enacted Laws 1943, c. 254, § 1, p. 786.)

2. The Commission contends that even should we hold that deference to state authority was required before this claim could be entertained under § 706(b), the District Court at the most should defer enforcement rather than deny it outright. The Commission refers to the form of mandate employed by this court in Motorola, Inc. v. EEOC, 460 F.2d 1245, 1246 (9th Cir. 1972). There the District Court was instructed to retain jurisdiction while the Federal Commission notified the appropriate state commission and

"allow[ed] that commission the statutory deferral period."

The source of this procedure was a suggestion by the Solicitor General made to the Supreme Court in Crosslin et vir v. Mountain States Telephone and Telegraph Co., 400 U.S. 1004, 91 S.Ct. 562, 27 L.Ed.2d 618 (1971). The Supreme Court declined to intimate any view as to the merits of the suggestion but vacated the judgment of this court (appearing at 422 F.2d 1028, 9th Cir.) and remanded the case to the District Court to appraise the suggestion. The District Court embraced it.

The trouble with this procedure is that it permits the Commission, contrary to legislative intent, to roil the waters with its own investigation and conciliatory efforts and defer to state authority only if required by court order to do so and then at a time when its own unsuccessful efforts have rendered any subsequent state efforts meaningless.

2. The second reason for denial of enforcement of the Commission's demand was that the demand was too broad to be "relevant or material to the charge[s] under investigation." 42 U.S.C. § 2000e–9(a).

The demand was indeed a broad one, and we cannot say that a holding that it was unduly broad constituted abuse of discretion. It reached back in time nearly eight years. It demanded evidence going to forms of discrimination not even charged or alleged.

Upon this ground the order appealed from is affirmed, but without prejudice to the right of the Commission to amend its demand.

IRVING HILL, District Judge (specially concurring):

I concur in the result reached by the majority and in their articulation of the grounds upon which the result is reached. I do not fully join in the opinion and write this special concurrence only to indicate my view that Footnote 2 should not be a part of the opinion. Being unnecessary to the decision of the case, the footnote is dictum. It discusses a situation not presented in the instant case, i. e., the disposition in the trial court of a case in which the Commission acted without deferring to state authority and the trial court (or appellate court) later holds that it should have deferred. Since our holding in the instant case is that the Commission was not required to defer to state authority, I deem it unwise and inappropriate to comment upon what should be done in other cases involving a different result. As the Supreme Court said in United States and Interstate Commerce Commission v. Alaska Steamship Company, et al., 253 U.S. 113, 40 S.Ct. 448, 64 L. Ed. 808 (1920):

"   .   .   .   [I]t is a settled principle in this court that it will determine only actual matters in controversy es-sential to the decision of the particular case before it.   .   .   .   However convenient it might be to have decided the question of the power of the Commission to require the carriers to comply with an order prescribing bills of lading, this court 'is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue before it.   .   .   .' California v. San Pablo & Tulare R. R. Co., 149 U.S. 308, 314 [13 S.Ct. 876, 878, 37 L.Ed. 747]; United States v. Hamburg-American Line, 239 U.S. 466, 475, 476 [36 S.Ct. 212, 60 L.Ed. 387] and previous cases of this court therein cited." 253 U.S. at 116, 40 S.Ct. at 449.

My commitment to judicial self-restraint in opinion-writing is so deeply held that I feel it necessary to place this special concurrence on the record.

---

The Commission would, we think, be wise to recognize that while the procedure followed in *Motorola* may be appropriate where the

Commission's neglect was due to good faith oversight or error of law, it would hardly be appropriate otherwise.