The NUECES COUNTY HOSPITAL DIS-
TRICT, d/b/a Memorial Medical Cen-
ter, and John W. Gover

v.

The EQUAL EMPLOYMENT OPPOR-
TUNITY COMMISSION.

Civ. A. No. 73–C–52.

United States District Court,
S. D. Texas,
Corpus Christi Division.

Feb. 26, 1974.

William DeWitt Alsup, Corpus Christi, Tex., for The Nueces County Hospital District, and others.

Alvaro Garza, Regional Counsel, E.E.O.C., Dallas, Tex., for the E.E.O.C.

## MEMORANDUM AND ORDER

OWEN D. COX, District Judge.

This cause of action involves the jurisdiction of the Equal Employment Opportunity Commission to issue a subpoena ad testificandum/duces tecum for certain records of the Nueces County Hospital District (hereafter called District). The subpoena was served on John W. Gover, Director of Personnel of the District, which is a political subdivision of the State of Texas. The District, along with Gover, as Plaintiffs, have sued to set aside the subpoena. The Defendant Equal Employment Opportunity Commission (hereafter called Commission) wants it enforced. The parties have stipulated to all material facts. This matter is submitted to the Court for its decision as to the legal issues involved. The facts must be set forth in some detail.

1. On or about March 7, 1973, Marta Glueck filed a charge with the Commission, alleging that the District had discriminated against her with regard to promotions and salary; and, also, in placing her upon probation because of her race or color, national origin, or sex.

2. On March 7, 1973, the Commission, in accordance with 42 U.S.C., § 2000e–5(b), mailed the District's Personnel Director, John Gover, notice of the charge filed by Marta Glueck.

3. On March 20, 1973, Marta Glueck was discharged from her employment with the District.

4. On March 22, 1973, Marta Glueck filed a second charge with the Commission, alleging that the District had discharged her in retaliation of her filing the original charge, in violation of Section 2000e–3(a).

5. On March 23, 1973, the Commission mailed notice of the second charge to John Gover, in his official capacity with the District, and such notice was received on or about March 26, 1973.

6. Shortly thereafter, meetings were held between representatives of the Commission and the District, at which the District declined to provide the representative of the Commission with documents requested. The District took the position that deferral by the Commission to state authority was required by 42 U.S.C., § 2000e–5(c).

7. On April 10, 1973, the Commission issued the subpoena ad testificandum/duces tecum at issue to John Gover, pursuant to Section 2000e–9, directing John Gover to appear before the Commission in San Antonio on April 26, 1973, and to bring certain specified documents with him.

8. On April 11, 1973, the District filed with the Director of Compliance of such Commission a motion to revoke and/or modify such subpoena.

9. On April 23, 1973, the District, having received no reply from the Director of Compliance, filed this cause of action to set aside the subpoena, pursuant to Section 2000e–9. Thereafter, the Director of Compliance denied Plaintiff's request for revocation and/or modification of the subpoena.

At this point, we need to consider the deferral language "of" said Section 2000e–5(c), which reads, in part:

"In the case of an alleged unlawful employment practice occurring in a State or political subdivision of a State, *which has a State or local law prohibiting the unlawful employment practice alleged, and establishing or authorizing a State or local authority to grant or seek relief from such practice,* . . . no charge may be filed . . . by the person aggrieved before the expiration of sixty days after proceedings have been commenced

under the State or local law, . . . ." (Emphasis added.)

■ Now, this Court's problem is whether or not deferral by the Commission to the State is required here. If so, Marta Glueck, who is allegedly aggrieved, must proceed first under the laws of Texas. The District contends the Texas statute prohibiting discrimination by public employers against persons because of their race, religion, color, sex, or national origin, to wit, Article 6252–16, Vernon's Ann.Texas St.,[1] is sufficient. It does, the District says, provide a remedy for discrimination by public employers, such as that alleged by Marta Glueck, and, thus, the Commission should not have taken charge when it did. If it should have deferred, it was without jurisdiction in this matter by virtue of 42 U.S.C., § 2000e–5(c). This Court is in agreement with the District's contention.

The Commission contends that Section 2000e–5(c) does not require deferral to all state authorities. It says the federal regulations provide a procedure whereby a state authority charged with eliminating discriminatory employment practices may apply to the Commission for "deferral status" and that such regulations provide for a state authority to receive "deferral status" only if the statute under which it operates is as comprehensive, both in terms of acts prohibited and remedies available, as Title VII (42 U.S.C., § 2000e–1 et seq.). There is no stipulation that any Texas agency—state or local—has applied to the Commission for "deferral status." Moreover, it is doubtful that any application would be approved, because, according to the Commission, the Texas statute does not give the District Attorneys and/or County Attorneys authority to exercise administrative enforcement; is not comparable in scope to Title VII in that it covers only public employers; and it does not provide administrative machinery to process complaints other than by the institution of criminal proceedings. Therefore, the Commission argues, there was no requirement that Marta Glueck seek relief under Article 6252–16 before filing her charge with the Commission. The problem with the Commission's con-

---

1. "Discrimination against persons because of race, religion, color, sex, or national origin—

"Section 1(a)—No officer or employee of the state or a political subdivision of the state, when acting or purporting to act in his official capacity, may: (1) refuse to employ a person because of the person's race, religion, color, sex, or national origin; (2) discharge a person from employment because of the person's race, religion, color, sex, or national origin; (3) . . . ; (4) . . . ; (5) . . . ; (6) . . . ; (7) refuse to grant a benefit to, or impose an unreasonable burden upon, a person because of the person's race, religion, color, sex, or national origin; (8) . . . .

"(b)—The provisions of (a) of this Section do not apply to a public school official who is acting under a plan reasonably designed to end discriminatory school practices.

"Equitable remedy—

"Sec. 2—Whenever a person has engaged or there are reasonable grounds to believe that a person is about to engage in an act or practice prohibited by Section 1 of this Act, a civil action for preventative relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved. In an action commenced under this Section, the court in its discretion may allow the prevailing party, other than the state, a reasonable attorney's fees as part of the costs, and the state is liable for costs the same as a private person.

"Penalty—

"Sec. 3—A person who knowingly violates a provision of this Act is guilty of a misdemeanor and upon conviction is punishable by a fine of not more than One Thousand Dollars ($1,000) or by imprisonment in the county jail for not more than one year or by both.

"Notice of alleged unlawful employment practice—

"Sec. 4—The District Attorneys and/or County Attorneys of this state are hereby designated as the appropriate state or local official to receive the notice of an alleged unlawful employment practice occurring in this state from the Equal Employment Opportunity Commission, as provided for in Public Law 88–352, Title VII, Sec. 706(c); 78 Stat. 241 (42 U.S.C., § 2000e–5)."

tentions is that nothing in the language of § 2000e–5(c)(d), the legislative history, or the case law, supports them.

The applicable language of § 2000e–5(c) provides for deferral for sixty days if, " . . . [in any] State, which has a State or local law prohibiting the unlawful . . . practice *alleged*" and authorizing a state or local authority to either seek relief from the discrimination, "*or* to institute criminal proceedings with respect thereto upon receiving notice thereof" (emphasis added). Marta Glueck's complaint alleged she had been discriminated against with regard to promotions and salary. The Texas statute, Article 6252–16, makes it unlawful for a public employer, such as Plaintiff, to discriminate by reason of race, religion, color, sex, or national origin in several listed employment practices. Certainly, Section 1(a)(7) of the Texas statute, making it illegal to refuse to *grant a benefit* to a person by reason of the person's race, religion, sex, or national origin, would include the refusal to promote a person or pay an equal salary for equal work.‾ Her other complaint was that she had been placed on probation by reason of her sex or national origin. The remainder of Section 1(a)(7) of Article 6252–16 prohibits the *imposing of an unreasonable burden upon* a person by reason of sex or national origin. Placing a person on probation because of her sex or national origin so that she could not accumulate seniority would certainly be a violation of Section 1(a)(7). Therefore, Texas definitely has a state law prohibiting the discrimination complained of in this instance.

■ The statutory language is also clear that deferral is required if a state authority can seek relief or institute criminal proceedings. Use of the word "or" indicates deferral is required if the state can accomplish either. Section 3 of Article 6252–16 makes it a misdemeanor to violate Section 1. Sec-

tion 4 designates the District Attorneys and/or County Attorneys of Texas as the appropriate officers to receive notice from the Commission of a discriminatory practice occurring within the state.[2] It is reasonable to say that the purpose of the last provision was to enable those officials to institute criminal proceedings for violations of the statutes.

The Court concludes that the language of the Texas Legislature in Article 6252–16 was chosen to take advantage of the deferral provision of § 2000e–5(c) in certain instances. And, this Texas statute meets the requirements for deferral set out in § 2000e–5(c).

The conclusion of this Court is supported by E.E.O.C. v. Union Bank, 408 F.2d 867 (9th Cir. 1969), and Crosslin v. Mountain States Tel. & Tel., 422 F.2d 1028 (9th Cir. 1970). The issue which we have decided here was not before the Court in Love v. Pullman, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), cited by the Commission.

■■ This Court also concludes that the legislative history of § 2000e–5(c) supports the view that deferral is not to be limited to states having legislation comparable to Title VII. But, being of the opinion that the legislative history can be, and frequently is, unreliable and should only be resorted to, if at all, in extreme circumstances, we will not review it. The language of the federal statutes here involved should be construed as written. Such construction supports the District.

■ The Commission argues that at least as to Marta Glueck's charge of retaliation for filing a discrimination charge, no deferral to Texas authority is required. The Commission's argument on this issue appears to be well taken because Article 6252–16 clearly does not prohibit an employer from retaliating for an employee's levying of discrimination charges. However, we do not pass on this question, since the subpoena which the Commission is here seeking to

---

**2.** § 2000e–5(d) requires the Commission to give notice of a discriminatory practice occurring within a state having a law prohibiting the practice to an appropriate official.

enforce requests material relevant to a charge of discrimination, rather than to a charge of retaliation. In the Commission's counterclaim, it states in paragraph 8 that the information sought by subpoena is material and relevant to the discrimination charge of paragraph 2. It does not even allege that the information sought by subpoena is relevant to the retaliation charge of paragraph 4.

This Court, based upon its findings of fact and conclusions of law set forth, is satisfied the Commission was in error in pursuing its action in this Court. The Commission should have accepted no responsibility at the time, but should have deferred to the state so that Marta Glueck could commence proceedings under the Texas statute, Article 6252–16. Plaintiffs are entitled to a judgment that the subpoena is null and void and unenforceable. A judgment will follow. It is so ordered.

Copies of this memorandum and order are to be distributed to the appropriate counsel.