Gene D. **CURRY**, Plaintiff-Appellant,

v.

**CONTINENTAL AIRLINES,**
Defendant-Appellee.

No. 74–1572.

United States Court of Appeals,
Ninth Circuit.

March 27, 1975.

---

692

Robert E. Guilford, Beverly Hills, Cal., for plaintiff-appellant.

Kenneth W. Anderson, Los Angeles, Cal., for defendant-appellee.

## OPINION

Before CARTER and WRIGHT, Circuit Judges, and EAST,* District Judge.

JAMES M. CARTER, Circuit Judge.

Appellant Gene D. Curry brought this suit against Continental Airlines, claiming that he had been denied employment as a flight crew member at Continental for the sole reason that he was forty-one years old, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 633. After serveral amended complaints were filed, the district court dismissed the suit for lack of jurisdiction and this appeal ensued. We reverse.

The primary issue in the case is whether the district court lacked jurisdiction of the suit due to appellant's failure to defer his complaint to a state agency as required by 29 U.S.C. § 633(b).[1] Section 633(b) requires that a plaintiff defer to the State if (1) the State has a law prohibiting discrimination in employment due to age, and (2) the State has established or authorized a

* Honorable William G. East, Senior United States District Judge, District of Oregon, sitting by designation.

[1] 29 U.S.C. § 633(b) provides in pertinent part:

"In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment be-

cause of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated . . . ."

state agency to grant or seek relief from such discrimination. The parties agree that at all relevant times California has had a law making age discrimination in employment unlawful, but they disagree as to whether California has established or authorized a State authority to grant or seek relief from such discrimination.

At the time of the alleged discriminatory practice in the present case (September, 1972), the only California law relating to age discrimination was Unemployment Insurance Code § 2072. That section made age discrimination in employment unlawful and Unemployment Insurance Code § 2112 established violation of § 2072 as a misdemeanor. General jurisdiction over investigating violations of the unemployment and disability laws, including § 2072, was vested in the state Department of Human Resources Development under Unemployment Insurance Code § 317. This Department possessed power to "prosecute actions" with respect to matters within its jurisdiction. California Government Code § 11180.

The Department, however, had no personnel assigned to handling age discrimination complaints and, in fact, advised potential plaintiffs to take their complaints to local law enforcement officials or the federal government. Nor was there any specific legislative mandate directing the Department to act in the field of age discrimination. Rather, jurisdiction over such complaints was eventually transferred to the state Fair Employment Practices Commission ("FEPC") because that agency already possessed an administrative structure capable of investigating and holding hearings on complaints of employment discrimination.

■ Appellant contends that the above limitations preclude the Depart-

ment of Human Resources Development from being considered as an agency authorized to seek relief on behalf of putative plaintiffs, and that therefore the agency need not be deferred to under the Age Discrimination in Employment Act. We agree.

■ First, we concur in the reasoning of those courts that have held decisions interpreting 42 U.S.C. § 2000e–5(b) [2] (the State deference provision of the Civil Rights Act of 1964 which is virtually identical to 29 U.S.C. § 633(b)), to be generally applicable for purposes of interpreting § 633(b). *See, e. g.,* Goger v. H. K. Porter Company, Inc., 492 F.2d 13, 15–16 (3 Cir. 1974); Vaughan v. Chrysler Corp., 382 F.Supp. 143, 146 (E.D.Mich. 1974). "The minor differences between section 633 and its counterpart under the 1964 Act are insignificant and provide no support for an interpretation of the former which is contrary to" interpretations of the latter. *Goger, supra,* at 16.

Second, with § 2000e–5(b) deference decisions thus applicable to the same issues under § 633(b), our decision in General Ins. Co. of America v. EEOC, 491 F.2d 133 (9 Cir. 1974), is directly on point. In that case, we held that the mere authority of a local prosecutorial official to institute proceedings under a Washington statute that made sex discrimination in employment a misdemeanor did not make that official an agency to which the plaintiff was required to defer. The court also held that the fact that the state Industrial Welfare Committee was authorized to hold hearings and was willing to conciliate sex discrimination complaints did not meet the federal requirements, absent some specific legislative authorization to act in the field of employment discrimination. 491 F.2d at 135. The expressed willingness by the Committee to conciliate com-

---

**2.** 42 U.S.C. § 2000e–5(b), as amended, 42 U.S.C. § 2000e–5(c), provides in part:

"In the case of an alleged unlawful employment practice occurring in a State, . . which has a . . . law prohibiting the unlawful employment practice alleged and establishing or authorizing a State . . .

authority to grant or seek relief from such practice . . ., no charge may be filed . . . by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State . . law, unless such proceedings have been earlier terminated. . . ."

plaints was held to be the result of voluntary concern by the Committee, not the fulfillment of official responsibilities imposed by law. *Id.* The court stated: "What the section requires is a showing of such state concern in the specific area of unfair employment practices as to result in the establishment or authorizing of an agency to act in this area." *Id.*

The principles of *General Insurance, supra,* dictate the result in the present case. Prior to the repeal of Unemployment Insurance Code § 2072, California had not made a specific institutional commitment towards dealing with age discrimination complaints. No agency was specifically instructed by the legislature to deal with such problems and none did so. The general power of enforcement of the unemployment laws given to the Department of Human Resources Development does not reflect the concern with the specific problem of age discrimination required by § 633(b) and *General Insurance.* In fact, the Department advised potential plaintiffs to take their claims elsewhere.

Appellee argues, however, that because California Government Code § 11180 gives department heads the power to make investigations and "prosecute actions", the Director of the Department of Human Resources Development had the *power* to institute civil actions against employers who violated the age discrimination law. This power, appellee contends, distinguishes the present case from *General Insurance, supra,* where the Industrial Welfare Committee did not have the legislatively mandated *power* to investigate and prosecute sex discrimination complaints.

This argument indicates an overly narrow reading of *General Insurance.* The broad grant of power to "prosecute actions" granted to the Director of the Department of Human Resources Development in the present case is directed to the entire unemployment and disability system in California. This is not the showing of state concern in the *specific area* of age discrimination required by *General Insurance.* Therefore, appellant was under no duty to defer to the Department of Human Resources Development.

■ Nor was appellant required to defer to the state Fair Employment Practices Commission, which obtained jurisdiction over age discrimination complaints by virtue of legislation that became effective in March, 1973. The FEPC informed appellant's counsel in December, 1973, that it could not act on his complaint inasmuch as the alleged discrimination occurred in September, 1972, prior to the FEPC assuming jurisdiction in this area. Whether or not this policy was proper, and whether or not another basis for refusing to act was available to the FEPC,[3] the federal purpose in giving "respectful but modest deference to a state that has evidenced interest" was thereby served. Pacific Maritime Ass'n v. Quinn, 465 F.2d 108, 110–111 (9 Cir. 1972). "The state has had its opportunity and the requirements of the Act have been satisfied." *Id.*

Our resolution of the deference issue obviates the need to address the other contentions urged by appellant.

The judgment of the district court is reversed.

**3.** The FEPC might have relied solely upon the fact that the complaint was filed with it after the one-year statute of limitations established in Labor Code § 1422 had run. Had that been the case, we would be required to reach the issue of whether an untimely application to the State agency bars a subsequent federal action under 29 U.S.C. § 633.