Salvatore FARACI, Plaintiff,

v.

**HICKEY–FREEMAN COMPANY, INC.,**
and Amalgamated Clothing Workers
of America, Defendants.

Civ. No. 1973—391.

United States District Court,
W. D. New York.

Dec. 12, 1975.

Salvatore Faraci, pro se.

Hickey, McHugh & Garlick, Rochester, N. Y. (E. James Hickey, Rochester, N. Y. of counsel), for defendant Hickey-Freeman Co., Inc.

Chamberlain, D'Amanda, Bauman, Chatman & Oppenheimer, Rochester, N. Y. (Authur S. Chatman and Michael T. Harren, Rochester, N. Y., of counsel), for defendant Amalgamated Clothing Workers of America.

CURTIN, Chief Judge.

Plaintiff originally brought this Title VII Civil Rights action under 42 U.S.C. § 2000e–2(a)(1) and (c)(1), charging that his employer, the Hickey-Freeman

Company, Inc. [Hickey], unlawfully dismissed him from his job on the basis of his national origin, and charging that the Union, of which he was a member, failed to adequately defend him because of his national origin. In a decision dated September 8, 1975, this court granted the Union's motion to dismiss plaintiff's complaint against it, but denied Hickey's motion to dismiss the complaint.

On September 15, 1975 Mr. Faraci requested a rehearing on the court's dismissal of the suit against the Union, claiming "errors of fact" in the court's decision. The court heard oral arguments October 20, 1975, with both Mr. Faraci and the Union counsel present. The court treats plaintiff's motion as a request to reconsider its decision of September 8, 1975 dismissing the complaint against the Union.

■ 42 U.S.C. § 2000e–5(c) requires a complainant in a state "which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice" to first proceed under that state or local law. New York State's Human Rights Law is such a law:

It shall be an unlawful discriminatory practice:

\* \* \* \* \* \*

For a labor organization, because of the age, race, creed, color, national origin, sex, or disability or marital status of any individual, . . . to discriminate in any way against any of its members . . . .

New York Executive Law § 296(1) (c) (McKinney's Supp.1975).

The Division of Human Rights [Division] has jurisdiction to "receive, investigate and pass upon complaints alleging violations" of the Human Rights Law. New York Executive Law § 295 (6)(a) (McKinney's 1972).

■■ As this court explained in its September 8 decision, the basis for the dismissal of the complaint against the Union was that Mr. Faraci had failed to join the Union as a party in the New York State Human Rights Division proceedings he brought against Hickey. This is a jurisdictional prerequisite to an action in federal court. *See EEOC v. Union Bank*, 408 F.2d 867 (9th Cir. 1968); *Nueces County General Hospital District v. EEOC*, 371 F.Supp. 1126 (S.D. Tex.1974). The purpose of this deferral requirement is to give the individual states first crack at resolving local problems. The legislative history is examined in the *Union Bank* case. 408 F.2d at 869–70.

At oral argument, Mr. Faraci was provided an opportunity to explain to the court the "errors of fact" in the court's September 8 decision. Essentially, plaintiff's argument is, and has been, that although he did not explicitly name the Union as a defendant in the state proceedings, nevertheless the Union was actually a party, or at least should have been brought into that state action by the State Division of Human Rights. In support of his position, he cites a letter he sent the Division on June 20 or 22, 1971, that included this passage:

Recently, I talked to the Union representative . . . and it seemed to me he defended Hickey-Freeman, and not the poor innocent worker who was a member of the Union and paid $6.00 every month.

I can prove that [the Union representative] was joking with me and accused me falsely.

Mr. Faraci also cites the Human Rights Law to the effect that the Division must "promptly serve a copy [of the complaint] upon the respondent and all persons it deems to be necessary parties" to the state proceeding. New York Executive Law § 297(2) (McKinney 1972). Because the Union was never served by the Division, Mr. Faraci argues that the omission of the Union was the Division's fault. The Union argues that whether or not Mr. Faraci's letter to the Division quoted above could be

construed as a complaint against the Union, cognizable under the State Human Rights Law, was for the Division to decide. Therefore, since the Division did not interpret Mr. Faraci's letter as a complaint against the Union, neither the EEOC nor this court has jurisdiction over the action against the Union.

In the ordinary case, the Union's argument would be upheld and the suit against it dismissed. After further reflection, however, this court has come to the conclusion that its order dismissing the action against the Union was incorrect and his action should be reinstated.

Mr. Faraci is proceeding under a dual handicap: he is unskilled in both law and the English language. At the time his complaint to the Human Rights Division was filed in 1971, he had been in this country less than four years. He attempted to follow a complicated procedure designed to vindicate the alleged discrimination. He took the first step properly, filing a complaint with the state agency, but he was then advised to take his complaint against the Union to the National Labor Relations Board, not to the State Division of Human Rights. Evidently the Division Director did not interpret Mr. Faraci's complaint against the Union as being based on discrimination due to national origin.

As a consequence, we are presented with the unusual case where the state had the opportunity to entertain a complaint, but failed to recognize it as such. It is only because of considerations of federalism that the state is granted the first chance to solve these disputes. *See EEOC v. Union Bank, supra.* This is a limited opportunity, because the state is allowed just 60 days to effect a settlement on its own. After that, the complainant is free to go to the EEOC. 42 U.S.C. § 2000e–5(c). We are mindful of the Supreme Court's admonition that insistence on "technicalities [is] particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process." *Love v. Pullman Co.,* 404 U.S. 522, 527,

92 S.Ct. 616, 619, 30 L.Ed. 679 (1972). Therefore, we construe Mr. Faraci's attempt to proceed before the Division as sufficient to comply with the deferral requirement of 42 U.S.C. § 2000e–5(c).

Defendant Hickey has notified the court that it recently received EEOC files indicating that the plaintiff filed his EEOC charge within the statutory 300 day limit. If defendant Union wishes to challenge the plaintiff's complaint on this ground, it should do so by motion.

So ordered.