**Mrs. Patsy Ruth WHITE,
Plaintiff-Appellant,**

v.

**DALLAS INDEPENDENT SCHOOL
DISTRICT, Defendant-Appellee.**

No. 76–1990.

United States Court of Appeals,
Fifth Circuit.

Jan. 26, 1978.

Rehearing Granted March 9, 1978.

Edith L. James, Dallas, Tex., for plaintiff-appellant.

Abner W. Sibal, Gen. Counsel, E.E.O.C., Joseph T. Eddins, Associate Gen. Counsel, Charles L. Reischel, Asst. Gen. Counsel, Raj K. Gupta, Atty., Washington, D. C., for amicus curiae.

Patsy R. White, pro se.

Lee Smith, Charles W. Stuber, Dallas, Tex., for defendant-appellee.

Before TUTTLE, COLEMAN and RONEY, Circuit Judges.

COLEMAN, Circuit Judge.

In this suit Mrs. Patsy Ruth White alleged that the former maternity leave policy of the Dallas Independent School District had subjected her to unlawful sex discrimination.[1] The District Court dismissed for

lack of jurisdiction. Although Mrs. White argued below that jurisdiction existed on many grounds, her appeal is restricted to claims for relief under Title VII, Civil Rights Act of 1964, 42 U.S.C.A. § 2000e, and Section 1983, 42 U.S.C.A. We affirm the dismissal.

The Title VII cause of action was dismissed because Mrs. White had failed to exhaust her Texas state remedies as required by the federal statute, 42 U.S.C.A. § 2000e–5(c), (f). Before the Equal Employment Opportunity Commission ("EEOC") can sue or issue a right to sue letter to a charging party, it must comply with the requirements of deferral to state established mechanisms for eliminating discrimination. Such a deferral is initiated by the charging party filing a written statement with, or by the EEOC transmitting a copy of, the charge to the appropriate state officer or agency. *Love v. Pullman,* 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). No deferral is involved if the state has no law prohibiting the discrimination in question. The section requiring deferral to the state and outlining the requirements for the states' laws reads in part:

> In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a *State or local law prohibiting the unlawful employment practice alleged* and establishing or *authorizing a State or local authority* to grant or seek relief from such practice or *to institute criminal proceedings with respect thereto upon receiving notice thereof,* no charge may be filed under subsection (b) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated . . . . . (Emphasis added.)

1. Plaintiff had been a regular substitute teacher under contract with the School District for four years. In the fall of 1972, she was forced to take Maternity Leave because she would not have completed the teaching semester prior to the sixth month of her pregnancy. Mrs. White reapplied the next year for her former position but was never reinstated or offered a contract to become a regular substitute teacher. She filed a charge with the EEOC in August, 1973. The EEOC found that there was reasonable cause to believe a violation had been committed and issued a Notice of Mrs. White's Right to Sue on July 25, 1975. She then filed this action.

42 U.S.C.A. § 2000e–5(c). Thus, if a state has a law meeting the requirements of § 2000e–5(c), consideration of a discrimination charge by EEOC must be stayed for sixty days to allow the state authority time to act.

The Texas legislature enacted Article 6252–16,[2] Vernon's Ann. Texas St., to provide relief from discrimination by officials or "employees of the state or its political subdivisions". The statute prohibits the type of discrimination claimed by White and provides civil relief and criminal sanctions against those who do so discriminate. The language of the Texas statute was "chosen to take advantage of the deferral provision" of Title VII in certain instances. *Nueces County Hosp. Dist. v. E. E. O. C.*, 5 Cir. 1975, 518 F.2d 895, 897.

In *Nueces County, id.*, we addressed the issue of whether the EEOC must defer investigation of a charge to state officials for the requisite time when the charge claims

that an employer, there a Hospital District, had retaliated against the charging party because of her efforts to be relieved from employment discrimination. We held that Article 6252–16 failed to meet Title VII's requirements for deferral in that instance because the statute was "narrowly drawn to cover specific acts of discrimination, and it obviously does not prohibit an employer from retaliating for an employee's attempts to be relieved from the consequences of the employer's discrimination". *Id.* at 897–898. *Nueces County*, was specifically limited to a retaliation charge. We did not address the broader question of whether a charge, alleging discrimination *within* the limits of the statute, must be filed with the state before the EEOC can investigate or the charging party can sue. *Id.* at 897, fn. 1.

■ Congress has seen fit to require claimants to go first to the state whenever a state has enacted legislation providing a remedy or authorizing criminal prosecution

2. *Article 6252–16 Discrimination against persons because of race, religion, color, sex or national origin*

Section 1. (a) No officer or employee of the state or of a political subdivision of the state, when acting or purporting to act in his official capacity, may:

(1) refuse to employ a person because of the person's race, religion, color, sex, or national origin;

(2) discharge a person from employment because of the person's race, religion, color, sex, or national origin;

(3) refuse to issue a license, permit, or certificate to a person because of the person's race, religion, color, sex, or national origin;

(4) revoke or suspend the license, permit, or certificate of a person because of the person's race, religion, color, sex, or national origin;

(5) refuse to permit a person to use facilities open to the public and owned, operated, or managed by or on behalf of the state or a political subdivision of the state, because of the person's race, religion, color, sex, or national origin;

(6) refuse to permit a person to participate in a program owned, operated, or managed by or on behalf of the state or a political subdivision of the state, because of the person's race, religion, color, sex, or national origin;

(7) refuse to grant a benefit to, or impose an unreasonable burden upon, a person because of the person's race, religion, color, sex, or national origin;

(8) refuse to let a bid to a person because of the person's race, religion, color, sex, or national origin.

Section 2. Whenever a person has engaged, or there are reasonable grounds to believe that a person is about to engage in a act or practice prohibited by Section 1 of this Act, a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved. In an action commenced under this Section, the court, in its discretion, may allow the prevailing party, other than the state, a reasonable attorney's fee as part of the costs, and the state is liable for costs the same as a private person.

Section 3. A person who knowingly violates a provision of this Act is guilty of a misdemeanor and upon conviction is punishable by a fine of not more than One Thousand Dollars ($1,000) or by imprisonment in the county jail for not more than one year or by both.

Section 4. The District Attorneys and/or County Attorneys of this state are hereby designated as the appropriate state or local official to receive the notice of an alleged unlawful employment practice occurring in this state from the Equal Employment Opportunity Commission as provided for in Public Law 88–352, Title VII, Section 706(c); 78 Stat. 241 (42 U.S.C. § 2000e–5).

for discrimination.[3] We are of the opinion that the Texas statute meets this Title VII requirement for deferral. Before a charging party can be given authority to sue the state or one of its subdivisions, the proper local officials must be notified by either the EEOC or the aggrieved party. The first opportunity to act is to be afforded the state. *Nueces County Hospital District v. E. E. O. C.*, 371 F.Supp. 1126 (S.D.Tex., 1974).

 Mrs. White never pursued her remedies under Texas law and urges that notifying the proper officials would have been futile. Mrs. White's argument overlooks the injunctive relief authorized under § 2 of the Texas act, which would seem to have been an ideal way to seek to prevent the enforcement of an unlawful maternity leave requirement, the impending effect of which can be easily predicted far enough in advance to make injunctive relief realistic. Even so, Title VII requires notifying the proper state official and allowing him sixty days to act in the criminal alternative permitted by the Act. The appellant also asserts that our decision should be controlled by *General Insurance Company v. E. E. O. C.*, 9 Cir., 1974, 491 F.2d 133. In *General Insurance*, the Ninth Circuit held that a Washington state statute declaring wage discrimination illegal was not sufficient to require EEOC deferral to local prosecutors. Unlike the Washington statute, however, the Texas statute specifically addresses itself to Title VII notification and designates the local prosecutors as the recipients of the discrimination charges.

Therefore, the District Court did not err when it held that Mrs. White must first exhaust her state remedies in the criminal alternative permitted by the Act.

 The appellant also asserts that the District Court had jurisdiction over her § 1983 claim. In *Harkless v. Sweeney Independent School District*, 5 Cir., 1970, 427 F.2d 319, 321, we held that "the school district, under Texas law, is of the nature of a municipality". Municipalities are not "persons" subject to suit under § 1983. *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Cason v. City of Jacksonville*, 5 Cir., 1974, 497 F.2d 949, 951. Thus, the District Court did not have jurisdiction over the cause of action under 42 U.S.C.A., § 1983.

Accordingly, the judgment of the District Court must be

AFFIRMED.

TUTTLE, concurring in part and dissenting in part:

I agree with the majority opinion on the § 1983 issue.

I respectfully dissent from that portion of the majority opinion which holds that Article 6252–16 of Vernon's Revised Civil Statutes of Texas meets the two-part test set up in § 706(c) of Title VII, 42 U.S.C. § 2000e–5(c), for determining when a private party must defer to state proceedings before filing a charge with the EEOC.

I agree that the Texas law, which makes a violation of its provisions a misdemeanor, does indeed prohibit the type of discrimination alleged in White's complaint, thus distinguishing this case from *Neuces County Hospital District v. E. E. O. C.*, 518 F.2d 895 (5th Cir. 1975). However, I do not believe that *General Insurance Company of America v. E. E. O. C.*, 491 F.2d 133 (9th Cir. 1974), can be meaningfully distinguished from this case, and I am persuaded by the reasoning of that Ninth Circuit decision.

In that case the Ninth Circuit addressed the precise issue now before us. A Washington statute prohibited wage discrimination due to sex and made violations a mis-

---

3. Senator Case, floor manager of Title VII, remarked in debate:

"Clearly, under the mechanics of the bill in the form with which the leadership is concerned, more concern or more deference could not be given to the rights of the States. For example, *the Federal agency which would be able to mediate in this connection could not consider taking any action* for two months, *if there were any State machinery at all.* The States will be given that much time in which to deal with complaints. *Only when the States have no colorable claim to give consideration to such matters,* can they be considered by the Federal Government in the time specified; . . . ." 110 Cong.Rec. 13081 (1964). (Emphasis added).

demeanor. The court held that the state law did not establish or authorize a state or local authority either to seek relief or to institute criminal proceedings. In reaching this conclusion, the court stated:

> We reject the argument of appellee that the state or county prosecuting attorney can qualify as such agency through his general authority to institute criminal proceedings. What the section requires is a showing of such state concern in the specific area of unfair employment practices as to result in the establishment or authorizing of an agency to act in this area. If it had been intended that the general authority of the state attorney to prosecute crime should suffice, there would have been no need to provide that the state or local authority should be empowered to institute criminal proceedings. All that would have been necessary would have been to make the offense a crime.

491 F.2d at 135. See also *Curry v. Continental Airlines*, 513 F.2d 691 (9th Cir. 1975).

The case now before us differs from *General Insurance* only in that the Texas statute designates district or county attorneys "as the appropriate state or local official to receive the notice of an alleged unlawful practice occurring in this state from the Equal Employment Opportunity Commission." While the majority opinion finds in this provision a means for distinguishing *General Insurance*, I do not. A state cannot qualify itself for deferral merely by designating an official to receive notice, for § 706(c) of Title VII sets up the test for determining when deferral is required. Notice to a representative of the state becomes a concern only if that test is first satisfied, and that depends upon whether the state statute meets the dual requirements of pro-

hibiting the alleged acts and setting up an authority to deal with the problem. Even if the Texas statute was intended to take advantage of the deferral provision of Title VII,[1] those intentions alone are insufficient if the statutory scheme falls short of the § 706(c) test.

Deferral under section 706(c) has been viewed as a jurisdictional prerequisite to the institution of a suit in federal court. *See Love v. Pullman Co.*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). Thus, its terms must be strictly construed. The notice provision of the Texas statute, by specifically speaking in terms of notice *from the E.E.O.C.*, rather than from a private litigant, does not act to put an aggrieved person on notice that he or she is required to take some additional step before filing a charge with the E.E.O.C. Since the Supreme Court's decision in *Love v. Pullman*, it has been common practice for the E.E.O.C. to assist private litigants in meeting the Title VII deferral requirement by holding the charge and notifying the appropriate state officials. Thus, the language of the Texas statute combined with common E.E.O.C. practice could serve to mislead a plaintiff into believing that no further action was required. The Texas statute makes absolutely no mention of notice *from a private litigant*. It seems patently unfair to penalize a plaintiff in this situation, where deferral is a jurisdictional prerequisite only if the state meets the requirements set out in Title VII and where the state's asserted effort at fulfilling those requirements has contributed to the plaintiff's confusion by speaking only of notice from the E.E.O.C.

The majority opinion emphasizes the availability of injunctive relief under the Texas statute. However, unless the majori-

---

1. The Texas statute was enacted in 1967 and amended in 1971 to include sex discrimination within its prohibitions. Section 4, the notice section, provides for notice to the state official from the E.E.O.C. "as provided for in . . . Section 706(c)" of Title VII. At the time the Texas statute was enacted and amended, § 706(c) dealt with deferral when charges were filed by a member of the E.E.O.C. and required the E.E.O.C. to notify appropriate state officials, if there were any, before taking any ac-

tion on the charge. That section has since been relettered and is the current § 706(d), 42 U.S.C. § 2000e–5(d). What is now § 706(c) was then § 706(b), and it deals with deferral when a charge is filed by a private party. Thus, it can be argued that the Texas statute, by specifically referring to the then § 706(c) but ignoring § 706(b), does not even address deferral in the kind of case now before us, where the charge has been filed by a private party.

ty is suggesting that a Texas state court can fulfill the Title VII requirement of "a State or local authority [authorized or established] to grant or seek relief from such practice," then the availability of a civil remedy alone is not enough. I interpret the words "State or local authority" to mean an agency of some sort specifically authorized to aid aggrieved persons in obtaining relief from employment discrimination. Whether an injunction from a state court would have been "an ideal way" for Mrs. White to have proceeded is irrelevant unless the Texas statute fulfills the deferral requirements of Title VII. I simply cannot accept the implication in the majority's opinion that a state court could serve as a "state or local authority" of the kind envisioned in section 706(c). Admittedly, a court is empowered to grant relief, but it has never been viewed as an agency.

Hence, since I agree with the Court of Appeals for the Ninth Circuit that section 706(c) requires more than the general authority of a district attorney to prosecute crimes and since I cannot view a state court as an agency authorized to grant or seek relief for victims of employment discrimination, I would hold that the district court had jurisdiction of White's Title VII claim.

ON PETITION FOR REHEARING AND
PETITION FOR REHEARING
EN BANC

Before BROWN, Chief Judge, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, MORGAN, CLARK, RONEY, GEE, TJOFLAT, HILL, FAY, RUBIN, and VANCE, Circuit Judges.

BY THE COURT:

A member of the Court in active service having requested a poll on the application for rehearing en banc and a majority of the judges in active service having voted in favor of granting a rehearing en banc,

IT IS ORDERED that the cause shall be reheard by the Court en banc with oral argument on a date hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of supplemental briefs.