Moraima LUGO GARCES,
Plaintiff-Appellant,

v.

SAGNER INTERNATIONAL, INC.,
Defendant-Appellee.

Miguel NEGRON et al.,
Plaintiffs-Appellants,

v.

PAN AMERICAN WORLD AIRWAYS,
INC., Defendant-Appellee.

Nos. 75–1044, 75–1045.

United States Court of Appeals,
First Circuit.

Argued Feb. 3, 1976.

Decided April 21, 1976.

George L. Weasler, Santurce, P. R., with whom Pedro E. Purcell Ruiz and Joseph Calderon Cruz, Santurce, P. R., were on briefs for appellants.

Donald S. Shire, Atty., U. S. Dept. of Labor, Washington, D. C., with whom William J. Kilberg, Sol. of Labor, Carin Ann Clauss, Associate Sol., Morton J. Marks, Regional Atty., and Paul D. Brenner, Atty., U. S. Dept. of Labor, Washington, D. C., were on briefs for the Secretary of Labor, amicus curiae.

Earle L. Blizzard, San Juan, P. R., with whom McConnell, Valdes, Kelley, Sifre, Griggs & Ruiz-Suria, San Juan, P. R., was on briefs for appellee.

Before COFFIN, Chief Judge, MATTHES ** and McENTEE, Circuit Judges.

** Of the Eighth Circuit, sitting by designation.

McENTEE, Circuit Judge.

Plaintiffs in these cases brought actions claiming that the defendants had discharged them from employment in violation of the Age Discrimination in Employment Act of 1967 (the Act), 29 U.S.C. § 621 *et seq.* (1970). The district court dismissed their claims on the ground that it lacked subject matter jurisdiction. The court held that §§ 626(d) and 633(b) of the Act required plaintiffs to seek redress from the appropriate state agency concerned with age discrimination at least 60 days prior to instituting their federal suit, and that plaintiffs' failure to do so barred the court from taking jurisdiction. Plaintiffs appeal.[1]

■ Disposition of these appeals turns on an interpretation of § 633(b). This section provides that where an alleged unlawful practice occurs in a state "which has a law prohibiting discrimination in employment because of age *and establishing or authorizing a State authority to grant or seek relief*

from such discriminatory practice," any federal suit must be deferred until 60 days "after proceedings have been commenced under the State law . . . ."[2] (Emphasis supplied.) Plaintiffs contend that the Commonwealth of Puerto Rico has no "state"[3] authority to which they could turn for relief from the alleged age discrimination in their firing. Defendants reply[4] that Puerto Rico does possess "state" law to which plaintiffs should have deferred, viz., 29 L.P.R.A. § 146, as amended.[5] However, we do not find this claim to be persuasive.[6] Section 146 sets forth a prohibition against, inter alia, age discrimination and establishes civil and limited criminal liability for such wrongful conduct. However, a statutory prohibition against age discrimination standing alone is insufficient to comply with § 633(b)'s requirement. There must in addition be "a state authority established or authorized to grant or seek relief from discriminatory practices based on age." *Eklund v. The Lubrizol Corp.,* et al., 529 F.2d

1. The United States Department of Labor was granted leave to file an amicus curiae brief in both cases, and we have fully considered its arguments urging reversal.

2. Section 633(b) provides in pertinent part:
   "In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated: . . . ."

3. The Act provides that the term "state" includes Puerto Rico. 29 U.S.C. § 630(i) (1970).

4. The district court, in granting defendants' motions to dismiss did not affirmatively set forth what "appropriate state agency" plaintiffs had failed to seek redress from.

5. Section 146 provides:
   "Any employer who discharges, suspends or demotes his employee, or reduces the salary of, or imposes or attempts to impose more burdensome working conditions on, his employee, or who refuses to employ or reemploy any person by reason of advanced age, [i. e., any age between 30 and 65, 29 L.P.R.A. § 150(1)] . . .: (a) shall incur civil liability (1) for a sum equal to twice the amount of

the damages sustained by the employee or applicant for employment on account of such action; (2) or for a sum not less than one hundred (100) dollars nor more than one thousand (1,000) dollars, in the discretion of the Court, if no pecuniary damages are determinable; (3) or twice the amount of the damages sustained if it were under the sum of one hundred (100) dollars; and, (b) he shall, also, be guilty of a misdemeanor and shall, upon conviction, be punished by a fine not less than one hundred (100) dollars nor more than five hundred (500) dollars, or by imprisonment in jail for a term not less than thirty (30) days nor more than ninety (90) days, or by both penalties, in the discretion of the Court.
   The court may, in the judgment passed on civil actions brought under the preceding provisions, direct the employer to reinstate the employee in his former employ and to stop and desist from the act involved."

6. In light of our disposition on this issue we need not pass upon the question of whether the requirement of deferral to state authority under §§ 626(d) and 633(b) is jurisdictional in nature. *Goger v. H. K. Porter Co.,* 492 F.2d 13 (3d Cir. 1974); *see Powel v. Southwestern Bell Telephone Co.,* 494 F.2d 485 (5th Cir. 1974); *Oshiro v. Pan American World Airways, Inc.,* 378 F.Supp. 80 (D.Hawaii 1974); *Gebhard v. G.A.F. Corp.,* D.C., 59 F.R.D. 504, 507 (1973).

247, at 249 (6th Cir. 1976); *see Curry v. Continental Airlines,* 513 F.2d 691 (9th Cir. 1975). The underlying policy, *see Goger v. H. K. Porter Co.,* 492 F.2d 13 (3d Cir. 1974), is to allow time for the processes of conciliation to be fully explored through appropriate state machinery before resorting to litigation. As the Sixth Circuit recently stated: "Section 633(b) envisions a state authority equipped to investigate age discrimination claims, to mediate genuine disputes, to attempt to resolve disputes through voluntary compliance and if necessary, to initiate administrative or judicial proceedings to secure compliance with the state age discrimination law." *Eklund v. The Lubrizol Corp., supra* at 249.

Defendants contend that the requisite state authority is embodied in the office of the Secretary of Labor of the Commonwealth. They place emphasis on 29 L.P. R.A. § 149. This statute, apart from conferring court jurisdiction for "state" age discrimination suits, empowers the Commonwealth's Secretary of Labor to order the payment of sums owing to workers or the fulfillment of any right under the Age Discrimination statutes. It also permits the Secretary to intervene in private employ-

ment discrimination actions and reciprocally allows a worker to "intervene in any suit . . . . instituted by the Secretary of Labor." [7] *See* 32 L.P.R.A. § 3118. Puerto Rican law also charges the Secretary generally with enforcing the laws prohibiting employment discrimination, 29 L.P.R.A. § 150, and the statutes governing the composition of the executive branch of the Commonwealth provides the Secretary with a staff and investigative powers. 3 L.P.R.A. § 301 *et seq.* Even assuming that these provisions together might be read to constitute a "specific institutional commitment towards dealing with age discrimination complaints", *Curry v. Continental Airlines,* 513 F.2d 691, 694 (9th Cir. 1975), we must take note of the implications of § 146, and the remaining portions of § 149, which allow individuals to institute their own suits in the Commonwealth courts. The Commonwealth does not require notification or investigation of possible age discrimination claims, nor exhaustion of any administrative proceedings, prior to instituting such a suit through private counsel.

Wholly apart from any issue which might be raised as to the adequacy of personnel assigned to the Secretary of Labor for the

7. "§ 149. Enforcement

The Superior Court and the District Court shall have concurrent original jurisdiction in all cases arising under sections 146–151 of this title. Civil claims may be prosecuted by ordinary action or through the complaint proceeding established by Act No. 10 of Nov. 14, 1917, as heretofore or hereafter amended.

The claims that several or all workers or employees or applicants for employment may have against a common employer or labor union, may be joined in one sole action.

The Secretary of Labor may, on his own initiative, or at the request of one or more workers or employees or applicants for employment having an interest in the matter, and in representation and for the benefit of one or more of them who are undergoing similar circumstances, order the payment of any sum owing to them, or the fulfillment of any right conferred by sections 146–151 of this title. Any worker or employee or applicant for employment having an interest in the action may intervene in any suit so instituted by the Secretary of Labor, who, likewise, may intervene in any action brought by any worker or employee or applicant for em-

ployment under the terms of sections 146–151 of this title.

In any judgment passed against any employer or labor union the latter shall be imposed costs and a reasonable sum which shall never be under one hundred (100) dollars for attorney's fees, if the attorney were not one from the Department of Labor."

We cannot, however, suppress our doubt that the legislature contemplated this section to mandate administrative action such as investigation, mediation, or conciliation. The English language version of § 149, as noted in the text, provides that "[t]he Secretary of Labor may . . . *order* the payment of any sum . . . or the fulfillment of any right . . . ." [Emphasis supplied.] The word "order", however, is a translation of the Spanish word, *demandar.* A dictionary translation of *demandar* is "to demand, petition or file suit against . . . .." Williams, Spanish-English Dictionary 179 (rev. ed. 1964). Substituting these words for "order" in § 149 suggests that the purpose of that paragraph is to confer standing on the Secretary of Labor to file suit on behalf of workers in the Commonwealth courts.

processing of age discrimination complaints, see *Curry v. Continental Airlines, supra,*[8] we see a flaw, both logical and practical, in the argument that Puerto Rico should be deemed a "deferral state". Under a literal reading of § 633(b), the statute is satisfied if the claimant waits sixty days "after proceedings have been commenced under the State Law . . .." Puerto Rican law provides for two types of proceedings which are alternative remedies for age discrimination complaints: direct private suit in the Commonwealth courts, and complaint to the Secretary of Labor for whatever action his department may take. If filing a suit in a Commonwealth court is considered instituting "proceedings" within the meaning of § 633(b), we see no obvious policy served by requiring deferral of federal court action. There would be no effort at conciliation or voluntary compliance through the invocation of state law; no state court resolution could be expected; aging claimants would expend time and money needlessly; and state court proceedings would be filed only to be left in limbo. *See* 29 U.S.C. § 633(a). But if we were to say that § 633(b) is satisfied only if a claimant has sought administrative relief through the Secretary of Labor, we would be requiring something of a claimant which the Commonwealth does not require—an ironic result for a principle bottomed on federalism.

■ We conclude, therefore, that § 633(b) would be satisfied by institution of suit in Commonwealth courts, and a sixty day waiting period. As indicated above, this procedure would be pointless. Moreover, it shows that Puerto Rico has not made the kind of institutional commitment, assuring administrative exploration of all age discrimination claims prior to litigation, on which a duty to defer federal court

action may be predicated. *See Goger v. H. K. Porter Co., supra.* Puerto Rico is not a deferral state.

*Reversed and remanded.*

---

8. The record contains little information on the resources available to the Secretary of Labor. As noted in the text, the Secretary of Labor has investigative powers conferred by statute. Further, in a letter to the district court made part of the record in this appeal, the Secretary has pledged his willingness to investigate any complaints which are filed with his agency. On the other hand, one of the plaintiffs in this action attempted to interest several local offices of the Puerto Rico Department of Labor in her complaints without success prior to the institution of her suit. On the state of the record, we are unable to evaluate whether Puerto Rico's administrative machinery is adequate to meet the needs of its aggrieved workers. *See Curry v. Continental Airlines, supra.*