**John H. FITZGERALD, Plaintiff,**

v.

**NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY, Defendant.**

Civ. A. No. 75–1598–S.

United States District Court,
D. Massachusetts.

July 12, 1976.

**618**

Rya W. Zobel, Arthur L. Stevenson, Goodwin, Procter & Hoar, Boston, Mass., for plaintiff.

William J. McDonald, Edward R. Lev, Sullivan & Worcester, Boston, Mass., for defendant.

### MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SKINNER, District Judge.

In this action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 ("ADEA"), the defendant has moved for summary judgment on two grounds:

(1)  The plaintiff is barred by the applicable statute of limitations.

(2)  The plaintiff's deposition and the affidavits of defendant's supervisor conclusively establish that plaintiff cannot prevail on the merits.

■ As to the second ground, the issue on the merits is one of the primary motivation of defendant's supervisor in demoting the plaintiff. This is the sort of issue which is inappropriate for resolution by affidavits on motions for summary judgment. *Robinson v. Diamond Housing Corporation,* 150 U.S.App.D.C. 17, 463 F.2d 853 (1972).

■ The application of the statute of limitations is a more complex question.

Under ADEA, an aggrieved person may bring a civil action for relief. 29 U.S.C. § 626(c). Before doing so, an individual must give the Secretary "not less than sixty days' notice of an intent to file such action." 29 U.S.C. § 626(d). The notice must be filed within one hundred eighty days after the alleged unlawful practice occurred, 29 U.S.C. § 626(d)(1), or,

(2) in a case to which section 633(b) of this title applies, within three hundred days after the alleged unlawful practice occurred or within thirty days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier. 29 U.S.C. § 626(d)(2).

Under Section 633, if a state has a law providing relief from discrimination because of age and the State establishes an authority which may grant relief, "no suit may be brought under section 626 . . . before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated." 29 U.S.C. § 633(b).

Massachusetts has such legislation. M.G. L.A. c. 151B § 4. The state statutory scheme provides that "[a]ny complaint filed pursuant to this section must be so filed within six months after the alleged act of discrimination." M.G.L.A. c. 151B § 5. A complaint is to be filed with the Massachusetts Committee Against Discrimination ("MCAD").

The chronology of this case is as follows:

1.  Plaintiff was demoted on May 1, 1974.

2.  Plaintiff filed his complaint with MCAD on December 20, 1974, 233 days or 7 months and 19 days later.

3.  MCAD accepted the complaint and initiated an investigation.

4. . By letter, dated February 18, 1975, plaintiff notified the Secretary of Labor of his intention to bring this action.

5. This action was filed on April 24, 1975.

Defendant asserts that the plaintiff's failure to apply to MCAD within the time prescribed by M.G.L.A. c. 151B § 5, bars access to this court.

Some courts have held that application by the plaintiff to a state agency is not a jurisdictional requirement, and that a plaintiff's failure to apply will not bar recovery. The rationale for this disregard of plain statutory language is that the statute is remedial. *E. g., Skoglund v. Singer Company,* 403 F.Supp. 797 (D.N.H.1975). *Vazquez v. Eastern Air Lines, Inc.,* 405 F.Supp. 1353 (D.P.R.1975), does not attempt to explain away the statutory language, but, in my view, misconstrues it. I do not understand the justification for judicial selectivity in the application of legislative language. Congress undoubtedly intended the statute to be remedial, but it as clearly intended the judicial aspect of the remedy to be subject to expressed conditions. In my opinion, application to the MCAD was a jurisdictional prerequisite. *Goger v. H. K. Porter Company, Inc.,* 492 F.2d 13 (3rd Cir. 1974).

It does not follow, however, that compliance with the time requirement of M.G.L.A. c. 151B § 5 is jurisdictional if such compliance was not a jurisdictional prerequisite to action by MCAD. There is no authoritative Massachusetts case on this point. The agency itself has apparently determined that the six-month limitation is not jurisdictional and may be waived. The agency's interpretation of its own organic statute should be accorded weight in the absence of controlling authority. *Campos v. Puerto Rico Sun Oil Company, Inc.,* 536 F.2d 970 (1st Cir. 1976).

Since the state does not consider its time limitation jurisdictional, the issue is the effect of federal limitations on the time within which the plaintiff is required to apply to MCAD. Federal time limits are as follows:

1. The district court action must be brought within two years of the violation. 29 U.S.C. § 626(e), § 255.

2. The district court action must be brought not less than 60 days after the initiation of state action. 29 U.S.C. § 633(b).

3. Notice of intention to file must be given to the Secretary of Labor not less than 60 days before commencement of the district court action, but not more than 300 days after the violation. 29 U.S.C. § 626(d).

4. There is no time relationship between applying for relief from MCAD and notifying the Secretary of Labor of intention to file suit.

The only time limitation on the application for relief to MCAD derived from the foregoing propositions is the following:

Such application must be brought in sufficient time so that 60 days may elapse before the two year statute of limitations on court action expires; i. e., 660 days after the alleged violation.

The plaintiff applied to MCAD within that period. He notified the Secretary within 300 days. He waited at least sixty days after both those actions before bringing suit, and brought it within the two year statute. He has complied with all jurisdictional time requirements.

Accordingly, the defendant's motion for summary judgment is DENIED.