Bertram M. HADFIELD, Plaintiff,

v.

The MITRE CORPORATION and Haig H. Hedison, Defendants.

Civ. A. No. 74–2946–S.

United States District Court,
D. Massachusetts.

Nov. 4, 1976.

Dwight Golann, Snyder, Tepper & Berlin, Boston, Mass., for plaintiff.

Stephen B. Perlman, John Clarke Kane, Jr., Boston, Mass., for defendants.

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS

SKINNER, District Judge.

This is an action under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (ADEA). The defendants have moved to dismiss on the ground that the plaintiff did not make a proper application to the Massachusetts Commission Against Discrimination, asserting that such an application was required under 29 U.S.C. § 633(b). Such an application was only required if at the critical date Massachusetts was a "deferral state" as defined by the Court of Appeals of the First Circuit in *Garces v. Sagner International, Inc.,* 534 F.2d 987 (1st Cir. 1976).

The critical issue in *Garces* was whether the state courts of Puerto Rico permitted suits to be brought under the Puerto Rican anti-discrimination acts without prior application to the anti-discrimination agency established by the Commonwealth of Puerto Rico. The Court of Appeals held that the availability of an alternate and independent action in the state courts disqualified Puer-to Rico as a "deferral state" within the terms of 29 U.S.C. § 633(b).

I am of the opinion that during all of the times pertinent to this case, which were prior to the amendment of Mass.Gen.Laws c. 151B § 9 by St.1974, c. 478, that an independent alternative action was available in the Commonwealth of Massachusetts. This conclusion is based upon the language of Mass.Gen.Laws c. 151B § 9 as it existed prior to the amendment, on Mass.Gen.Laws c. 214 § 2 and on *Johnson v. Commissioner of Public Safety,* 355 Mass. 94, 243 N.E.2d 157 (1968), in which the court ruled on the merits of a claim asserted under Mass.Gen. Laws c. 151B § 4 without there having been any prior application to the Massachusetts Commission Against Discrimination.

Accordingly, during the period which is critical in the present case, Massachusetts was not a "deferral state" and the plaintiff was not obliged to make a prior application to the Massachusetts Commission Against Discrimination before bringing the present action. The motion to dismiss is accordingly DENIED.