### John H. FITZGERALD, Plaintiff,

v.

### NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY, Defendant.

Civ A. No. 75–1598–S.

United States District Court,
D. Massachusetts.

Sept. 20, 1977.

Rya W. Zobel, Arthur L. Stevenson, Jr., Goodwin, Procter & Hoar, Boston, Mass., for plaintiff.

William J. McDonald, Edward R. Lev, Sullivan & Worcester, Boston, Mass., for defendant.

### MEMORANDUM AND ORDER

SKINNER, District Judge.

The roller coaster career of this case has taken another and I believe final turn. This is an action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621–634. All of the proceedings have been on the defendant's motion for summary judgment based upon the plaintiff's failure to comply with the applicable statute of limitations. The history of the litigation is as follows:

On July 12, 1976, I ruled that the plaintiff was obliged to apply for relief under state law as prerequisite to this action, *Goger v. H. K. Porter Company, Inc.,* 492 F.2d 13 (3d Cir. 1974), but had not done so within the six months period required by M.G.L. c. 151B, § 5. In the absence of any citation on the point, I also ruled that the six months limitation was not jurisdictional, and I

found that the state agency had, by accepting plaintiff's complaint, impliedly waived the statutory limitation. I denied the motion for summary judgment. D. C., 416 F.Supp. 617.

Thereafter the defendant moved for reconsideration, citing for the first time a ruling by the applicable state agency, the Massachusetts Commission Against Discrimination (MCAD), that the time limitation is jurisdictional. *Silberberg v. Bournewood Hospital* (MCAD, Sept. 5, 1973). Accordingly, on October 26 I vacated the order of July 12, 1976 and allowed the motion.

On November 4, 1976, in a case called *Hadfield v. Mitre Corporation,* D. C., 422 F.Supp. 460, I ruled that Massachusetts was not a "deferral state" under 29 U.S.C. § 633(b), relying on language of the Court of Appeals in *Lugo Garces v. Sagner International, Inc.,* 534 F.2d 987 (1st Cir. 1976). At the same time I made a similar ruling in this case, withdrawing the opinion of October 26. Under the ruling that Massachusetts was not a deferral state, application to MCAD was not required. The critical prerequisite was notice to the Secretary of Labor. 29 U.S.C. § 626(d). Since such notice had not been pleaded or asserted by affidavit, I again allowed the defendant's motion for summary judgment.

It was then the plaintiff's turn to seek reconsideration and an amendment to the complaint alleging notice to the Secretary of Labor. I permitted the plaintiff to amend and received affidavits supporting his allegation of notice to the Secretary of Labor. This issue was argued March 22, 1977.

I have delayed making any further rulings until this time, however, because I had authorized an interlocutory appeal in *Hadfield,* and I thought it desirable to wait until the Court of Appeals decided whether it would accept *Hadfield* as the legitimate offspring of *Lugo Garces* before cluttering up this record with any more opinions. On September 1, 1977, the Court of Appeals reversed and remanded *Hadfield,* ruling that Massachusetts is a deferral state.

As far as this case is concerned, this puts us back to the ruling of October 26, 1976.

The findings and ruling that survive may be summarized as follows.

1. Application to MCAD is prerequisite to filing of this action. *Goger v. H. K. Porter Company, Inc.,* 492 F.2d 13 (3d Cir. 1974). *Hadfield v. The Mitre Corporation,* 562 F.2d 84 (1st Cir. Sept. 1, 1977).
2. Application to MCAD must be made within six months after the act complained of, and this requirement is jurisdictional and may not be waived. Massachusetts General Laws, c. 151B, § 5. *Silberberg v. Bournewood Hospital* (MCAD, Sept. 5, 1973).
3. The plaintiff did not make application within the required period. 416 F.Supp. 617. Consequently, his application was not effective and does not meet the requirement of 29 U.S.C. § 633(b).

There the matter rests. Accordingly, the order of October 26, 1976 stands, i. e., the defendant's motion for summary judgment is ALLOWED and judgment for the defendant will be entered.