580 F.2d 298
 17 Fair Empl.Prac.Cas. 1119, 16 Empl. Prac.
Dec. P 8214,
17 Empl. Prac. Dec. P 8422
Joseph W. EVANS, Appellee,
v.
OSCAR MAYER & CO., Robert M. Bolz, N. D. Ottens, Donald L.
Paul, and Paul F.Gould, Appellants.
 No. 77-1692.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 12, 1978.
Decided July 6, 1978.
Rehearing En Banc Denied July 7, 1978.
 
 James W. Gladden, Jr., of Mayer, Brown & Platt, Chicago, Ill., for appellant; Arthur J. Kowitt and William J. Reifman, Chicago, Ill., on brief.
 Mark W. Bennett, of Allen, Babich & Bennett, Des Moines, Iowa, for appellee; Gordon E. Allen and Joseph Z. Marks, Des Moines, Iowa, on brief.
 OPINION ON REHEARING
 Before BRIGHT and HENLEY, Circuit Judges, and TALBOT SMITH, Senior District Judge.*
 HENLEY, Circuit Judge.
 
 
 1
 Joseph W. Evans brought this suit against his employer, Oscar Mayer & Co., and its executives,[1] charging that they had forced him into early retirement in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634 (1970). Oscar Mayer moved to dismiss the action for want of jurisdiction. The district court denied the motion and certified this interlocutory ruling for appeal under 28 U.S.C. § 1292(b) (1970), stating that the order presented a "controlling question of law as to which there is substantial ground for difference of opinion" and "that an immediate appeal . . . may materially advance the ultimate outcome of the litigation." This court thereafter permitted this appeal.
 
 
 2
 The case was argued and submitted on January 12, 1978, and was decided on April 5 of this year. A majority of the court voted to vacate the order of the district court and to remand the case for further proceedings. Thereafter, the plaintiff-appellee filed a petition for rehearing and suggestions for rehearing en banc. Plaintiff was supported in his position by the Secretary of Labor who is charged with the duty of enforcing ADEA but who was not a party to the original action. The Secretary was permitted to file an amicus curiae brief taking the position that the district court had jurisdiction of the case, and that the original determination of the district court was correct.
 
 
 3
 In his brief the Secretary pointed out that two days after our original decision was announced, the Court of Appeals for the Sixth Circuit had reached an opposite result in Gabriele v. Chrysler Corp., 573 F.2d 949 (6th Cir. 1978), and that that court had adhered to Gabriele in an order entered on April 10, 1978 in Simpson v. Whirlpool Corp., 573 F.2d 957 (6th Cir. 1978).
 
 
 4
 We have given careful consideration to the matter. We grant rehearing, withdraw our original opinion and substitute this one in its stead. This time, we affirm the order of the district court.
 
 
 5
 Joseph Evans worked for Oscar Mayer & Co. in Davenport, Iowa for twenty-three years before his retirement on January 31, 1976. On March 10, 1976 Evans notified the Secretary of Labor, as required by 29 U.S.C. § 626(d),[2] that he intended to sue Oscar Mayer under the ADEA. He filed the present action in federal district court on May 7, 1977. Thereafter Oscar Mayer moved to dismiss the action for lack of subject matter jurisdiction, arguing that Evans had not fulfilled a jurisdictional requirement under 29 U.S.C. § 633(b) because he did not first file charges with the Iowa Civil Rights Commission. The district court concluded that filing charges with an appropriate state agency is not a jurisdictional prerequisite to an action in federal court. It therefore denied the motion, and Oscar Mayer appealed.
 
 
 6
 Section 633(b) of the ADEA reads as follows:
 
 
 7
 In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, No suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated: Provided, That such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State law. If any requirement for the commencement of such proceedings is imposed by a State authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State authority. (Emphasis added.)
 
 
 8
 Iowa has a law prohibiting age discrimination in employment,[3] and the Iowa Civil Rights Commission has the authority to seek relief from such practices. The narrow issue raised on appeal is whether filing a claim with the state agency is a prerequisite to a suit under the ADEA.
 
 
 9
 A definitive answer cannot be found in either the language of the statute, its legislative history, or the policy behind it. The extensive discussions found in Vazquez v. Eastern Air Lines, Inc., 405 F.Supp. 1353 (D.P.R.1975) (filing with state agency not required), and Bertsch v. Ford Motor Co., 415 F.Supp. 619 (E.D.Mich.1976) (filing with state agency is required), demonstrate that substantial support can be found for either conclusion. Several courts have determined that deference to an appropriate state agency is required by the ADEA, See Reich v. Dow Badische Co., 575 F.2d 363 (2d Cir. 1978), including the dissenting opinion of Judge Feinberg; Curry v. Continental Airlines, 513 F.2d 691 (9th Cir. 1975); Goger v. H. K. Porter Co., 492 F.2d 13 (3d Cir. 1974); Gabriele v. Chrysler Corp., 416 F.Supp. 666 (E.D.Mich.1976), Rev'd, 573 F.2d 949 (6th Cir. 1978), Supra; Fitzgerald v. New England Telephone & Telegraph Co., 416 F.Supp. 617 (D.Mass.1976), Modified, 437 F.Supp. 635 (Mass.1977); Berry v. Crocker Nat'l Bank, 13 FEP Cases 673 (N.D.Cal.1976), while other courts have held it to be optional, See Bertrand v. Orkin Exterminating Co., 419 F.Supp. 1123 (N.D.Ill.1976); Smith v. Jos. Schlitz Brewing Co., 419 F.Supp. 770 (D.N.J.1976); Magalotti v. Ford Motor Co., 418 F.Supp. 430 (E.D.Mich.1976); Skoglund v. Singer Co., 403 F.Supp. 797 (D.N.H.1975).
 
 
 10
 While it is obvious that the authorities are in conflict, and the question is not free from doubt, we think that the preferable view is that taken by the Court of Appeals for the Sixth Circuit in Gabriele, supra, and which is also expressed in the concurring opinion of Judge Garth in Goger v. H. K. Porter Co., supra, 492 F.2d at 17-18. We now hold that if an individual complaining about alleged discrimination against him in employment on account of his age in fact files a complaint with a state fair employment practice agency like the Iowa Civil Rights Commission, he must observe the waiting period prescribed by § 633(b). We do not think, however, that an individual is required to file a complaint with the state agency before coming into federal court, assuming that he complies with the basic waiting period prescribed by § 626(d). In our opinion such an individual has the option of proceeding first before the state agency and then in the federal court or of proceeding initially in the federal court without prior resort to the state agency.
 
 
 11
 The views here expressed are in accord with the interpretation that the Secretary places on § 633(b), and it goes without saying that his interpretation of the Act is entitled to great weight. See, e. g., Van Wyk v. Bergland, Secretary of Agriculture, 570 F.2d 701, 704 (8th Cir. 1978), and cases cited.
 
 
 12
 Affirmed.
 
 
 13
 BRIGHT, Circuit Judge, dissenting.
 
 
 14
 I respectfully dissent.
 
 
 15
 In my judgment, in a state such as Iowa, which has laws prohibiting age discrimination and an agency with authority to seek relief from such practice, filing a charge with the state agency is mandatory under the ADEA and is a prerequisite to the filing of an action in federal court, subject, however, to certain equitable considerations. See Reich v. Dow Badische Co., 575 F.2d 363 (2d Cir. 1978); Goger v. H. K. Porter Co., 492 F.2d 13, 16 (3d Cir. 1974).
 
 
 16
 Congress clearly intended that discrimination on the basis of age be remedied as quickly and efficiently as possible, for lengthy delays in the courts and administrative agencies could deprive older workers of an effective remedy. Section 626(d) of the ADEA expressly requires the claimant to notify the Secretary of Labor before filing suit and requires the Secretary to "seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion." Although Congress patterned much of the ADEA after Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 (1970), and other labor statutes, it rejected a proposed enforcement procedure that would have subjected ADEA complaints to the same delays that plague the EEOC and NLRB. Vazquez v. Eastern Air Lines, Inc., supra, 405 F.Supp. at 1354-55. Instead, the claimant need defer to the Secretary of Labor and the state agency for only sixty days before bringing suit. Thus, in those cases in which the Secretary of Labor or the state agency is able to provide speedy relief, the claimant can escape the delay inherent in any federal court action. On the other hand, if prompt relief cannot be obtained, the claimant may bring an action after waiting only sixty days. Requiring a claimant to seek relief through a state agency designed specifically to handle this type of case is consistent with congressional intent. It increases the chances of conciliation while creating no additional delay, for the sixty-day period of deference to the state agency may run concurrently with the sixty-day period of deference to the Secretary of Labor. Bertsch v. Ford Motor Co., supra, 415 F.Supp. at 623.
 
 
 17
 Moreover, the pertinent language of section 633(b) is nearly identical to language in Title VII:
 
 
 18
 In the case of an alleged unlawful employment practice occurring in a State * * * which has a * * * law prohibiting the unlawful employment practice alleged and establishing or authorizing a State * * * authority to grant or seek relief from such practice * * * , no charge may be filed * * * by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State * * * law, unless such proceedings have been earlier terminated * * *. (42 U.S.C. § 2000e-5(b) (1970) (currently at § 2000e-5(c)).)
 
 
 19
 This language of Title VII requires that state agencies be afforded an opportunity to consider the employment discrimination before suit for redress may be brought in a federal court. See Love v. Pullman Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972); Olson v. Rembrandt Printing Co., 511 F.2d 1228 (8th Cir. 1975).
 
 
 20
 In the present cases, however, I would not dismiss the action outright, even though Evans failed to file a charge with the state agency. That requirement is not "jurisdictional"; it is a procedural requirement, which may be subject to equitable modification when necessary to effect the broad remedial purposes of the statute. A similar principle has been applied in interpreting various procedural requirements under Title VII, See Lacy v. Chrysler Corp., 533 F.2d 353 (8th Cir.), Cert. denied, 429 U.S. 959, 97 S.Ct. 381, 50 L.Ed.2d 325 (1976); Tuft v. McDonnell Douglas Corp., 517 F.2d 1301 (8th Cir. 1975), Cert. denied, 423 U.S. 1052, 96 S.Ct. 782, 46 L.Ed.2d 641 (1976); Reeb v. Economic Opportunity Atlanta, Inc., 516 F.2d 924 (5th Cir. 1975); Franks v. Bowman Transportation Co., 495 F.2d 398 (5th Cir. 1974), Rev'd on other grounds, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976), and I feel it should apply to the present case.
 
 
 21
 In his resistance to Oscar Mayer's motion to dismiss, Evans argued that he had relied on official advice from the Department of Labor that the only requirement under the ADEA was notice to the Secretary of Labor. Moreover, Evans had no interpretation of section 633(b) by this court to guide him. See Goger v. H. K. Porter Co., 492 F.2d 13, 16-17 (3d Cir. 1974). The district court did not reach this question in disposing of Oscar Mayer's motion. I would, therefore, vacate the district court's order and remand for further proceedings on the motion to dismiss.
 
 ON PETITION FOR REHEARING EN BANC
 
 22
 Petition for rehearing en banc filed by counsel for appellee is denied.
 
 
 23
 Judges BRIGHT and ROSS would vote for petition for rehearing en banc essentially for the reasons set forth in Judge BRIGHT's dissent to the opinion filed July 6, 1978.
 
 
 
 *
 TALBOT SMITH, United States Senior District Judge, Eastern District of Michigan, sitting by designation
 
 
 [1]
 In this opinion we shall refer to the defendants collectively as "Oscar Mayer."
 
 
 [2]
 Section 626(d) provides:
 No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed
 (1) within one hundred and eighty days after the alleged unlawful practice occurred, or
 (2) in a case to which section 633(b) of this title applies, within three hundred days after the alleged unlawful practice occurred or within thirty days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.
 Upon receiving a notice of intent to sue, the Secretary shall promptly notify all persons named therein as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.
 
 
 [3]
 Iowa Code Ann. § 601A.6 (1975)