Albert F. **CURRINGTON**, Plaintiff,

v.

**POLAROID CORPORATION**, Defendant.

Civ. A. No. 77–3514–S.

United States District Court,
D. Massachusetts.

Sept. 28, 1978.

Jonathan Shapiro, Stern & Shapiro, Boston, Mass., for plaintiff.

Laurence S. Fordham, J. Harold Flannery, Foley, Hoag & Eliot, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS

SKINNER, District Judge.

Plaintiff, a black male, has brought suit against Polaroid alleging that his lay-off on September 3, 1974, was an act of racial discrimination in employment in. violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, and of 42 U.S.C. § 1981. Defendant has moved to dismiss the Title VII claim for failure to file suit within 90 days of receiving notice of right to sue from the EEOC. Defendant has moved to dismiss the claim under 42 U.S.C. § 1981 for failure to comply with the applicable state statute of limitations. Plaintiff alleges that he requested notice of his right to sue from the EEOC on August 15, 1977, received notice on August 19, 1977, and filed this Complaint on November 15, 1977, within 90 days of receiving notice. The motion to dismiss the Title VII claim is accordingly DENIED.

There is no federal statute of limitations expressly applicable to 42 U.S.C. § 1981. The federal court should adopt the state statute of limitations applicable to the most closely analogous state cause of action. *Ramirez de Arellano v. Alvarez de Choudens*, 575 F.2d 315 (1st Cir. 1978); *Gonzalez v. Santiago*, 550 F.2d 687 (1st Cir. 1977). There is a virtually identical private right of action for racial discrimination in employment provided in M.G.L. c. 151B § 9. The limitation period under that statute is two years. It is clear to me that this is the correct statute of limitation to apply to § 1981 claims of the instant sort. *Curran v.*

*Portland Superintending School Committee,* 435 F.Supp. 1063, 1080 (S.D.Me.1977).

I am aware that two of my colleagues on this court have ruled otherwise, in each case applying the Massachusetts six-year statute applicable to contract actions. At the time of Judge Garrity's decision in *Sims v. Order of United Commercial Travelers of America,* 343 F.Supp. 112 (D.Mass.1972), § 9 had not been added to the statute, and his decision was based on the fact that there was no explicit private right of action provided under c. 151B.[1] Section 9 was added by St.1974, c. 478, prior to the filing of this action. In *Williams v. Massachusetts General Hospital,* 449 F.Supp. 55 (D.Mass.1978), it does not appear that § 9 was called to the attention of the court.

Accordingly, the motion to dismiss the claim under 42 U.S.C. § 1981 as untimely filed is ALLOWED.

The plaintiff, as it turns out, may not be without relief under § 1981. There is presently pending in this court the case of *Todd v. Polaroid Corp.,* C.A. No. 76–1244–S, now consolidated herewith, in which Todd alleges a discriminatory layoff similar to and contemporaneous with that alleged by plaintiff here. The *Todd* case is timely filed under the rule adopted herein. Todd seeks class certification, which, if granted, may encompass this plaintiff's § 1981 claim. This does not permit this plaintiff to maintain an individual action untimely filed, however.

1. *Cf. Hadfield v. Mitre Corp.,* 422 F.Supp. 460 (D.Mass.1976), *rev'd on other grounds* 562 F.2d 84 (1st Cir. 1977).