**Bertram M. HADFIELD, Plaintiff,**

v.

**The MITRE CORP. et al., Defendants.**

**Civ. A. No. 74–2946–S.**

United States District Court,
D. Massachusetts.

Oct. 24, 1978.

---

Hal K. Levitte, Boston, Mass., for plaintiff.

John Clarke Kane, Jr., Boston, Mass., for defendants.

## MEMORANDUM AND ORDER ON MOTION TO DISMISS

SKINNER, District Judge.

This case was remanded to this court after a determination by the Court of Appeals that Massachusetts is a deferral state, as defined by 29 U.S.C. § 633(b). The hearing that was interrupted pending the interlocutory appeal in the case was thereafter resumed. I make the following findings of fact.

1. The plaintiff did not file an application with the Massachusetts Commission Against Discrimination (MCAD) before commencing this action.

2. His failure to do so was not the result of official misinformation.

3. Plaintiff gave a timely notice to the United States Department of Labor and did not bring suit until more than sixty days thereafter. The appropriate offices of the Department of Labor investigated the case and attempted to eliminate the alleged unlawful practice claimed by plaintiff by conciliation. This effort was unsuccessful. The Secretary of Labor has not commenced any action on the plaintiff's behalf.

In the case of *Fitzgerald v. New England Telephone and Telegraph Co.,* 416 F.Supp. 617 (D.Mass.1976), modified 437 F.Supp. 635 (D.Mass.1977),[1] I concluded that resort to MCAD was a jurisdictional prerequisite to the commencement of the suit in this case.

1. Which is again before me on remand.

I relied principally on *Goger v. H. K. Porter Company, Inc.,* 492 F.2d 13 (3d Cir. 1974). This position was challenged by the plaintiff in the Court of Appeals, which declined to consider it at that point, but invited the plaintiff to raise the question initially in the District Court. He has done so.

Since I wrote with such brusque certainty in *Fitzgerald,* 416 F.Supp. at 619, several events have occurred which require further reflection.

First, *Goger v. H. K. Porter Company, Inc., supra,* was expressly overruled by the court which decided it. *Holliday v. Ketchum, MacLeod & Grove, Inc.,* 584 F.2d 1221 (3d Cir. 1978). The Court of Appeals for the Eighth Circuit has also held that application to a state is not a jurisdictional requisite. *Evans v. Oscar Mayer & Co.,* 580 F.2d 298 (July 6, 1978).

Second, the Congress amended the Age Discrimination in Employment Act (ADEA) on April 6, 1978, without changing 29 U.S.C. § 633(b). The Joint Explanatory Statement of the Committee of Conference, at page 12, adopted that portion of the Senate Committee Report, S.Rpt. No. 95–493, pp. 5–7, which deals with this section. The Senate Committee said that "The provision [§ 633(b)] does not require that the individual go to the State first in every instance . . . .. It is the Committee's view that an individual who has been discriminated against because of age is free to proceed either under state law or under federal law. The choice is up to the individual. However, as [§ 633(b)] makes clear, if the individual does choose to proceed initially under State law, he must give the State agency at least 60 days to take remedial action before he may commence a federal action." (Quoted at 46 LW 57). The committee expressly criticized the majority opinion in *Goger, supra,* my opinion in *Fitzgerald, supra,* and other cases holding that resort to the state agency was a jurisdictional prerequisite to suit.

Third, it appears from the *Holiday* and *Evans* opinion that the Department of Labor, the agency charged with administrative enforcement of the ADEA, has consist-

ently taken the position that resort to a state agency in a "referral state" is not a jurisdictional prerequisite.

To add to the confusion, the Second Circuit has come down hard on the other foot, holding that resort to a state agency is a jurisdictional prerequisite. *Reich v. Dow Badische Co.,* 575 F.2d 363 (2d Cir. 1978).

The Explanatory Notes to the 1978 Amendment to the ADEA provided by the editors of Law Week reports that as of May 9, 1978, ". . . at least 43 reported court decisions [wrestled] with this language [§ 633(b)] . . . .. The Eastern District of Michigan has issued eight opinions on the subject by six judges, and there is little agreement among them." 46 LW 56.

As a matter of practical policy, I would be relieved to hold that resort to a state agency is not jurisdictional. The requirement sets up a series of formidable hurdles for plaintiffs and consumes an enormous amount of legal and judicial time and energy as evidenced by this very case, the everlasting *Fitzgerald* case, and presumably the forty-one other cases reported. To do so, however, seems to me to require a departure from accepted canons of statutory construction, hence an excursion *ultra vires,* no matter how appealing.

In *Holliday, supra,* the Third Circuit relies on *Lorillard v. Pons,* 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978), in which the Supreme Court held that for purposes of determining whether a jury trial is required in an ADEA case, the proper analogy is to the Fair Labor Standards Act (FLSA) rather than to Title VII of the Civil Rights Act of 1964. Extending the same analogy to the question of a jurisdictional prerequisite, the court held that since the FLSA had *no provision for recourse to a state agency whatsoever,* it follows that the requirement of § 633(b) was not intended to be a jurisdictional requirement. The court also adopted, in an expanded and more scholarly form, the course of practical wisdom which I reluctantly abandoned in the preceding paragraph.

The Supreme Court's opinion in *Lorillard, supra,* explicitly points out that

Congress drew on three sources, three models, for the ADEA: (1) the NLRA, (2) the FLSA, and (3) Title VII of the Civil Rights Act of 1964. It described the ADEA as a hybrid. 434 U.S., at 578, 98 S.Ct. 866. It further held that the enforcement provisions of the FLSA were grafted into the ADEA, in that there was provision for filing actions in the District Court by either the employee or by the Secretary of Labor on behalf of the employee. The FLSA, however, has no provision whatsoever for recourse to a state agency. That provision, which is now § 633(b), was lifted virtually verbatim from Title VII, 42 U.S.C. § 2000e–5(c). In this respect, Congress clearly was grafting part of Title VII onto its hybrid. One cannot properly seek the construction of a statutory provision by taking as analogous a statute which has no comparable provision. In construing § 633(b), one must look to Title VII. The Supreme Court has held that the virtually identical requirement of Title VII is a jurisdictional prerequisite to the filing of an individual action. *Love v. Pullman Co.,* 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). It seems to me obvious that the same result must follow under the ADEA.

 Nevertheless, a statement by a Congressional committee having an amendment to the Act under consideration cannot be lightly dismissed. It does not carry the same weight as the legislative history compiled by the Congress which adopted the Act. *United States v. Southwestern Cable Co.,* 392 U.S. 157, 88 S.Ct. 1994, 20 L.Ed.2d 1001 (1968); *United States v. Price,* 361 U.S. 304, 313, 80 S.Ct. 326, 4 L.Ed.2d 334 (1960). The legislative history, albeit skimpy, suggests strongly that Congress was aware of prior state age discrimination legislation and intended to preserve state machinery as the first resort of an alleged victim of discrimination. *Reich v. Dow Badische Co., supra,* pp. 369–70.

In my opinion, the difference in placement of the "deferral" provision between the Civil Rights Act of 1964 and the ADEA does not warrant a contrary conclusion. Section 633(b) is specifically referred to in § 626(d)(2).

Administrative determination by the responsible agency is clearly entitled to great weight, but again does not overrule other valid criteria.

I am accordingly constrained to stand by my opinion in *Fitzgerald, supra,* and hold that since Massachusetts is a deferral state as held by the Court of Appeals in this case, recourse to the MCAD was a jurisdictional prerequisite to bringing an action in this court.

There remains the question of equitable relief which has been invoked by a number of courts, including the Third Circuit in *Goger v. H. K. Porter Company, Inc., supra.* I have some difficulty with this approach as a conceptual matter. If failure to apply to MCAD is a jurisdictional defect, how can we assume jurisdiction not conferred by the statute for the purpose of granting equitable relief? In any case, the facts in this case do not warrant any extraordinary intervention on behalf of the plaintiff, who was represented by counsel, and not misinformed by any official.

Accordingly, the motion to dismiss for lack of subject matter jurisdiction is ALLOWED. Judgment for the defendant to enter.