John H. FITZGERALD, Plaintiff,

v.

NEW ENGLAND TELEPHONE & TELEGRAPH CO., Defendant.

Civ. A. No. 75–1598–S.

United States District Court, D. Massachusetts.

Nov. 16, 1978.

---

Rya W. Zobel, Arthur L. Stevenson, Goodwin, Procter & Hoar, Boston, Mass., for plaintiff.

William J. McDonald, Edward R. Lev, Sullivan & Worcester, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO VACATE

SKINNER, District Judge.

This is an action brought under the Age Discrimination in Employment Act (ADEA). 29 U.S.C. § 626(c). The last order made by this court was an order granting summary judgment for the defendant on the ground of the plaintiff's failure to file a timely claim with the Massachusetts Commission Against Discrimination (MCAD).

While the appeal from my order of September 20, 1977 (437 F.Supp. 635) was pending in the Court of Appeals, the plaintiff moved for relief from judgment under Fed. R.Civ.P. 60(b). The case was remanded for further action by this court. The prior history of the case is outlined at 437 F.Supp. 635. I have delayed decision of this case pending my resolution of the problem raised on remand in *Hadfield v. The Mitre Corporation,* 422 F.Supp. 460 (D.Mass.1976), 562 F.2d 84 (1st Cir. 1977). On October 24, 1978, I entered a memorandum and order in *Hadfield* (C.A. No. 74–2946–S), 459 F.Supp. 829 (D.Mass.1978), in which I reconsidered and reaffirmed the view originally expressed in this case that timely recourse to the MCAD is a condition precedent to the bringing of an action.

■ Under the applicable Massachusetts statute, M.G.L., c. 151B, § 5, a claim must be filed within six months after the alleged act of discrimination, and this time limitation is jurisdictional and may not be waived. It does not apply where a continuing violation is alleged. *Silberberg v. Bournewood Hospital,* (MCAD, September 5, 1973). In the absence of any cited controlling Massachusetts authority, I ruled that the plaintiff's complaint did not constitute a continuing offense, citing *Hiscott v. General Electric Company,* 521 F.2d 632 (6th Cir. 1975) and *Cisson v. Lockheed-Georgia Company,* 392 F.Supp. 1176 (N.D.Ga. 1975); *Fitzgerald v. New England Tel. & Tel. Co.,* 416 F.Supp. 617 (D.Mass.1976).

Now, on the present motion, the plaintiff presents a ruling by the MCAD in this very case denying the defendant's motion to dismiss. The motion to dismiss raised the defense of the six month statute of limitation. The order denying the motion stated that "the acts complained of by Mr. Fitzgerald are considered by this Commission to be of a continuing nature and, therefore, are not estopped [sic] from being raised by the six month statute of limitation . . ."

■ No copies of the defendant's motion or of the MCAD order were ever furnished to the plaintiff or his counsel by defendant or its house counsel. Plaintiff's counsel learned of these documents in November 1977. Defendant now says that plaintiff could have learned of these matters by examining the MCAD docket and that MCAD rules do not require the furnishing of such copies. Plaintiff had every reason to rely on the common practice among attorneys of serving copies of pleadings on opposing parties and to assume that defendant would come forward with these papers when timeliness of filing became an issue in this court, if not before. Plaintiff cannot be charged with lack of due diligence.

The order in this case was not by the Commission, but by the Investigating Commissioner only. In two other MCAD cases, *Knight* and *Auer,* attached to the plaintiff's brief, similar results were reached by two other Investigating Commissioners. This is enough to establish a general practice and, in the absence of more august authority, is sufficient.

Defendant argues further that by its order of March 11, 1975 in this case, the MCAD retained the case only for the purpose of investigation, not adjudication. Given the purposes of 29 U.S.C. § 633(b), this may be enough to establish the jurisdictional prerequisite to action in this court. It does not appear that the acceptance of the case by MCAD was on that limited basis. Under M.G.L. § 3 and § 5, MCAD has authority to investigate, conciliate, ameliorate, adjudicate and litigate. From all that appears in the statute, several, if not all, of these functions may be going on at the same time. They are certainly not discretely compartmentalized.

I rule that the order denying the defendant's motion to dismiss in the MCAD establishes that for purposes of this case the complaint states a continuing offense under M.G.L. § 151B. I am obliged to accept the interpretation by an agency of its own organic statute in the absence of higher authority or unless it is clearly erroneous. I rule that the plaintiff's complaint was timely filed.

Accordingly, the judgment for the defendant is vacated, and the defendant's motion for summary judgment is DENIED.

The case will be set down for a pre-trial conference forthwith.