Ephraim ISAAC, Plaintiff,

v.

HARVARD UNIVERSITY, Defendant.

Civ. A. No. 80–1344–S.

United States District Court,
D. Massachusetts.

July 31, 1984.
On Motions For Reconsideration,
Amendment And Certification
Oct. 19, 1984.

Theodore C. Landsmark, Elizabeth A. Rodgers, Robert Doyle, Kehoe, Doyle, Playter & Novick, Boston, Mass., Wendy Kaplan, Cambridge, Mass., for plaintiff.

John H. Mason, Ropes & Gray, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SKINNER, District Judge.

The plaintiff's claims under the Thirteenth Amendment are not supported

by any allegation that he has been subjected to slavery. There is no need to reach the question of a private right of action. This claim is DISMISSED.

█ The plaintiff's claim under the Fourteenth Amendment is DISMISSED because the Fourteenth Amendment applies only to state action. Harvard is not a state agency. *Rice v. President and Fellows of Harvard College*, 663 F.2d 336 (1st Cir.1981); *Krohn v. Harvard Law School*, 552 F.2d 21 (1st Cir.1977).

█ The applicable statute of limitations in this circuit with respect to claims under 42 U.S.C. §§ 1981 and 1985(3) is six months. *Burns v. Sullivan*, 619 F.2d 99 (1st Cir.1980). This is in no way affected by *Patsy v. Board of Regents*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). Plaintiff did not timely file this complaint. Furthermore, the defendant is a single corporate body and cannot conspire with itself or with its employees. Accordingly, the claims under those two statutes are DISMISSED.

Plaintiff's claim under Title VII, 42 U.S.C. § 2000e–1 ff. raises a more complex issue. Defendant claims that this court is without subject matter jurisdiction because plaintiff did not make a timely complaint to the EEOC as required by 42 U.S.C. § 2000e–5(e). For purposes of the computation of time, the plaintiff was informed that he would not receive tenure on June 27, 1975. This is not altered by his request for reconsideration or the continuing effect of the decision.

Plaintiff filed his complaint directly with the EEOC on February 20, 1976 (Day 237). It was received by EEOC on February 23 (Day 241). EEOC referred it to the state's "§ 706 agency", the Massachusetts Commission Against Discrimination ("MCAD") on March 4, 1976 (Day 251). MCAD declined action and referred the complaint back to EEOC on March 16, 1976 (Day 263).

█ 42 U.S.C. § 2000e–5(e) requires that a complaint be filed (in this case) within 300 days of the alleged unlawful event. 42 U.S.C. 2000e–5(c) provides that no charge may be filed with EEOC until proceedings have been commenced under state law, i.e., in this case a complaint to MCAD. Before the EEOC charge can be filed, sixty days must elapse *"unless such proceedings have been earlier terminated"*. The statute is to be strictly construed. *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980).

█ The EEOC may file with the MCAD as agent of the plaintiff and hold the charge filed with it in abeyance until it is ripe. *Love v. Pullman Co.*, 404 U.S. 522, 525, 92 S.Ct. 616, 618, 30 L.Ed.2d 679 (1972).

Accordingly, I rule that the above described events have the following effect: The proceeding before the MCAD was commenced on March 4, 1976 (Day 251). The proceedings were terminated on March 16, 1976 (Day 263). The charge was then ripe for filing with EEOC (it having previously been filed) and March 16, 1976 was the effective day of filing with the EEOC. Since this was Day 263 after June 27, 1975, it is within the 300-day limit and timely. No contrary result is required by *Mohasco Corp. v. Silver, supra*. There the Court said that a plaintiff must file his proceedings with the state "§ 706 agency" within 240 days to be assured of making the deadline. That is true enough. This plaintiff was lucky; he made it because the proceedings were terminated in less than 60 days.

The charges filed with EEOC, and by EEOC with MCAD, allege a continuing violation. Under MCAD rules, such an allegation tolls the 180-day filing requirement of M.G.L. c. 151B. The proceedings before the MCAD were thus timely commenced. *See Fitzgerald v. New England Tel. & Tel. Co.*, 459 F.Supp. 996 (D.Mass.1978).

Accordingly, all jurisdictional prerequisites have been met. This action was commenced on the 90th day after EEOC issued its notice of right to sue. The motion for summary judgment is DENIED with respect to the plaintiff's claims under Title VII.

**24**

## ON MOTIONS FOR RECONSIDERATION, AMENDMENT AND CERTIFICATION

Plaintiff has correctly called to my attention the opinion of the Supreme Court in *Burnett v. Grattan,* — U.S. ——, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984), in which the Court held that short limitation periods for administrative complaints are not appropriately analogous periods to be applied to complaints filed in a district court under civil rights acts which have no specific limitation period. Our circuit's decision in *Burns v. Sullivan,* 619 F.2d 99 (1st Cir. 1980), which applies the six-month period for filing administrative claims under the state employment discrimination statute, has been effectively overruled.

Prior to the decision in *Burns,* I had decided that the most analogous statute of limitations under state law is the limitation provided for actions in the Superior Court for employment discrimination under M.G.L. c. 151B, § 9. *Currington v. Polaroid,* 457 F.Supp. 922 (D.Mass.1978). I have re-read this case and I am still of the opinion expressed therein. The statutory period is two years. Applying that period rather than the six-month general contract limitation to the plaintiff's claim under 42 U.S.C. § 1981 I still arrive at the same result: the plaintiff's claim is barred as untimely. This result is more in keeping with the policy of prompt disposition of employment discrimination cases announced in *Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), than is the general contract limitation of six years suggested by plaintiff.

It is not necessary to reconsider the limitation period for plaintiff's claims under 42 U.S.C. § 1985(3) and the Thirteenth Amendment, because the complaint does not state substantive claims thereunder.

A more serious point is raised by defendant's motion for reconsideration. In my order of July 31, 1984, I found a way to keep the plaintiff's Title VII claim alive, notwithstanding apparent violation of the mandatory time limitations in the statute. Plaintiff's Title VII claim is the only claim that appears to me to be substantially viable on the basis of the facts submitted by the parties through their various affidavits. My decision denying the defendant's motion was based on a conclusion that proceedings before the MCAD had terminated on March 16, 1976, thus making the filing with the EEOC effective within the statutory limit. As I stated at that time, this was in my opinion the only basis on which any part of the plaintiff's claim could survive the defendant's motion for summary judgment.

█ It now appears from documents submitted by the defendant with its motion for reconsideration that the proceedings before the MCAD were not terminated on March 16 but are in fact still ongoing. Furthermore, on July 18, 1984, while the motion for summary judgment was actually under advisement, Mrs. Rodgers wrote MCAD and insisted that the MCAD proceeding be kept alive in case the plaintiff failed in this court to achieve all the relief that he sought.

The substance of plaintiff's case is potentially interesting and for a while it looked as if the chance at least to try the issues on the merits could be preserved. Obviously, however, an order based entirely on the proposition that the MCAD proceedings were terminated cannot stand in the face of the documents noted above.

Accordingly, the order of July 31, 1984 denying defendant's motion for summary judgment is VACATED. The defendant's motion is ALLOWED and the complaint is DISMISSED on the merits. Since a final judgment of dismissal will enter, there is no need to consider the parties' motions for certification to the Court of Appeals since the judgment is appealable as of right.